JOHN AUSTIN, Appellant,

*vs.*

LEANDER ALLEN, Respondent.

APPEAL FROM THE ROCK CIRCUIT COURT.

Proof that the signers of a petition for laying out a public highway are freeholders, where the question comes collaterally in issue, may be made by parol; documentary evidence not being absolutely indispensable in such cases.

Peaceable possession under claim of title is *prima facie* evidence of seizen in fee.

Where the rights of individuals are to be affected by the *quasi* judicial acts of town officers in establishing highways under the statute, the provisions of the statute must be strictly complied with.

A notice by the town supervisors that they will meet on a day and at a place named in the notice, "*to make an examination and survey*" of a proposed highway, is not a compliance with Section 53 of Chapter 16 of the Revised Statutes, requiring them to give notice of a time and place at which they will meet "*and decide upon such application.*"

The proper notice, in such case, should be served upon all the occupants through whose lands the proposed highway is to be laid.

This was an action of trespass *quare clausum fregit* in which the defendant justified as a town supervisor, that the *locus in quo* was a public highway, and that he committed the supposed trespass in the performance of his official duty in opening the highway.

The legality of the proceedings in laying out and establishing the highway thus became the issue. The testimony adduced on the trial, and the questions arising thereon, are elaborately stated in the opinion.

*Noggle, Williams and Patterson* for appellant.

1st. The court below erred in admitting parol evidence to prove that the signers of the petition were freeholders. This court has decided that the petition must be so signed, and that this is a jurisdictional fact. *Williams vs. Holmes*, 2 Wis. 120.

A freeholder is the holder of a freehold estate. 1 Burrill's Law Dict., Title, Freeholder. A freehold estate is an estate of inheritance, or for life, in lands or tenements of free tenure. 4 Kent's Com. 24; 1 Hilliard's Real Property, 77.

Now all freehold estate in Wisconsin is held of the government; which holding is evidenced by record, patent or grant Mere possession of land may of course be proved by parol; so may a lease hold for one year. But title or freehold can only be proved by recorded evidence. The proving that A B and C are in possession of land, (which was the only proof given here) does not even tend to prove them freeholders, since their possession may be that of a tenant, or even a trespasser.

2d. The court erred in admitting the notice without proof being first made that it had been served on all the occupants of land through which said highway was to be laid. Sec. 53, chap. 16 of Rev. Stat. provides that the notice shall be served upon " all the occupants of the land through which such highway may pass." This is a prerequisite, and in its nature jurisdictional; it cannot be dispensed with by the courts. They say it is sufficient that notice was given to the appellant, the occupant of the lands in question. We say no; the notice required by the statute—that is, to all the occupants—must appear in order to show that the supervisors had power to lay any highway. It is an entire act; it is good or bad *in toto;* it is a good highway from one end to the other, or it is no highway at all.

Again, this notice was defective in this : the statute requires notice to be given of the time and place at which the supervisors " *will meet and decide upon such application,*" sec. 53, chap. 16. The notice given was notice of the time and place at which said supervisors would meet, " to make an examination and survey of said proposed road." Examining and surveying the proposed road may be a very proper and necessary preliminary, the better to enable the supervisors to " decide upon the application," but such examination is not a decision.

*Bennett, Sloan and Patten,* for Respondents.

I. Parol evidence that the signers of the petition were in

possession of farms in the town of Lima, claiming to own them, is sufficient proof, *prima facie*, that they were freeholders. Possession, with claim of title, is evidence in respect to land of seizen in fee. *Jane vs. Price*, 5 Taunt. 326. 9 Wen., 50–53; id. 223; id. 520. *People vs. Leonard*, 11 John. R. 504, 510. *Richards vs. Williams*, 7 Wheat. 59.

II. The notice of the meeting of the Supervisors to lay out this road, although not a literal, is a substantial compliance with the Statute. The Statute does not prescribe any precise form of this notice, R. S., chap. 16, sec. 53, page 175. If the notice was sufficient to inform persons interested of the object of the meeting, and did not mislead, it will be held sufficient. The public interests require that a liberal construction shall be given to the Statute in relation to laying out highways; a rigid technical construction will invalidate nearly all the highways in the State.

. III. The supervisors acted judicially in determining whether the notices of the meeting to lay out the highway had been properly posted and served on occupants. R. S. chap. 16, sec. 54. The supervisors *upon being satisfied* that the notices have been served, (and proof may be made by affidavit or *otherwise*,) may proceed to lay out, &c.

The determination of the supervisors is sufficient at least, *prima facie*, to confer jurisdiction to proceed and determine the application.


*By the Court*, SMITH, J.—This suit was commenced originally before a justice of the peace of Rock County, in an action of trespass to lands. The plaintiff filed his declaration in writing, in a plea of trespass *quare clausum fregit*, with averments alleging matters in aggravation of damages. The defendant pleaded the general issue, and gave notice of special matters in defense, as follows: 1st. That the *locus in quo* was a public highway, and that the same was obstructed with the fence of the plaintiff, and that to enable him to pass the highway, he

necessarily did the things complained of; that the *locus in quo* was a public highway; that the same had, before the time of committing the supposed trespass, been regularly laid out and established as a public highway; that the same was obstructed by the plaintiff's rails and fence; that the defendant was, at that time, a supervisor of the town of Lima; that it was his duty, as such supervisor, to remove the said rails and fence from said highway; that he proceeded to do so, and that in the performance of such, his duty, he did and performed the several acts complained of as the trespass aforesaid; and further that the *locus in quo* was a public highway, that the same had, before the time of committing the supposed trespass, been legally laid out and established as a public highway; that the same was, at the time aforesaid, obstructed by the plaintiff's rails and fence; that the said plaintiff had been duly served with a notice requiring him to remove said rails and fence from said highway, and that he neglected to do so; that the time within which he was required by law to remove them had expired, and that the defendant, who was then supervisor of said town of Lima, proceeded to remove said obstructions, and open said road, and in so doing committed the said several alleged trespasses complained of. The justice held that the pleas and notices put the title to land in question, and therefore the defendant gave the required bond for the removal of the cause to the circuit court for trial, where the cause was tried, before a jury, at the November Term, 1857.

On the trial in the Circuit Court, the defendant admitted the several acts complained of as trespass, in the plaintiff's declaration, and the amount of damages claimed by the plaintiff, provided he should not justify the same under the pleadings and evidence to be offered.

To maintain the grounds of defense assumed, one Azel Kinney was then called, who testified that he was at the time, town clerk of the town of Lima, and that the books and papers there produced by him were the records of the said town.

The defendant then offered said records in evidence, and especially a petition to the supervisors of said town to lay out

a road across or through the close of the plaintiff in which the alleged trespasses were committed. The petition purported to be signed by some sixteen freeholders of the town of Lima, and was in the following form :

" To the supervisors of the town of Lima, Rock county, and " State of Wisconsin.

" We, the undersigned freeholders of said town, do petition " your honorable body to lay out a public highway, commenc-" ing at the center of section 11, in said town, running in a " westerly course to the northwest corner of John McMillan's " field ; thence a southerly course to the south line of said sec-" tion 11 ; thence westerly to the southwest corner of said cor-" ner of said section ; thence a southwesterly course to the " quarter stake between sections 15 and 16 ; thence a south-" west course to the dividing waters on section 16 ; thence a " northwesterly course to the quarter stake, or as near as prac-" ticable, on the west line of said section ; thence a westerly " course to the quarter stake the west side of section 17 ; thence " westerly to the center of section 18, or to a highway running " north and south, or nearly so, through the center of said sec-" tion or near it." Dated, Lima, Feb. 22, 1853 ; and signed by some sixteen persons all purporting to be freeholders of the town of Lima.

The defendant offered to prove by said Kinney that the signers of said petition were freeholders of said town, at the time the petition was signed and presented. This was objected to by the plaintiff, on the ground that the fact could not be proved by parol. The court overruled the objection, and the witness testified that some eight of the petitioners were in the actual occupancy of farms in said town, claiming to own them, and had been assessed as freeholders. The court upon this proof admitted the petition in evidence, to which the plaintiff excepted.

The defendant then produced and offered to read in evidence, from the records of the town clerk of said town, the notice, and affidavit of service thereof, which record is as follows : Notice is hereby given, that an application has been made by

six freeholders of the town of Lima, to the supervisors of said town, for the laying out and establishing a highway, described as follows: "commencing at the center of section 11 in said "town, and running a westerly course to the northwest corner "of John McMillan's field; thence a southerly course to the "south line of said section eleven; thence westerly to the south-"west corner of said section; thence a southwesterly course to "the quarter stake between sections fifteen and sixteen; thence "a southerly course to the dividing waters on section sixteen; "thence a northerly course to the quarter stake, or as near as "practicable, on the west line of said section; thence a west-"erly course to the quarter stake on the west side of section "seventeen; thence westerly to the center of section eighteen, "or to a public highway running north and south, or nearly so, "through the center of said section, or near it."

"And that the undersigned, supervisors aforesaid, will meet at the house of Robert Armstrong, in said town, on the seventh day of March, 1853, at (ten) 10 o'clock A. M., to make an examination and survey of said proposed road.

Dated at Lima, this 24 day of February, 1853.

A. WARREN, }
WM. S. BENTON, } Supervisors.

Rock County, ss. John Jamison, being duly sworn, says that he posted up three notices, of which the above is a true copy, in three of the most public places in the town of Lima, at least ten days before the time appointed in said notice for the meeting of said commissioners, and also that he served a copy of said notice on John Austin, a resident upon lands across which said proposed road will pass, at least ten days before the said time of meeting of said commissioners. (Subscribed and sworn to.

Rock County, ss. Chester D. Bunce, being duly sworn, says that he served a copy of the within notice on William P. Bond, Samuel Vance, Denis Hall, Thomas Vance, Abel Bond, M. Spangle, John McMillin, and Abel Slocum, resi-

dents upon lands across which said proposed road will pass, at least ten days before the time of the meeting of said commissioners.                                    C. D. BUNCE.

Subscribed and sworn, &c.

But to the reading of these papers in evidence, the plaintiff objected, on the ground that the notice was not such as the law required, and the affidavit of service was not such as was required by law inasmuch as it did not show service on all persons through whose lands the road was to be laid out, and did not conform to the requisitions of the statute in other respects.

The notice required by law is prescribed in section 53, of chap. 16, of the Revised Statutes, and is as follows : " Upon " application made to the supervisors for the laying out, alter- " ing or discontinuing any highway, they shall make out a " notice and fix therein a time and place at which they will " *meet and decide upon such application,* and the applicant " shall, at least five days previous to such time, cause such " notice to be given to all the occupants of the lands through " which such highway may pass ; which notice shall be served " personally, or by copy left with, or at the usual place of " abode of each occupant of such lands ; and such notice shall " also be posted up in three public places in said town for at " least ten days before the time of such meeting of the super- " visors," &c.

The first objection which we deem it necessary to consider is that made to the introduction of oral evidence to prove that the signers of the petition were freeholders.    That it was necessary to give evidence of that fact we think there can be no doubt.    But it would seem that in order to do so, it is not indispensably necessary to resort to documentary evidence.    In the case of *The People vs. Leonard,* 11 J. R., 510, the court held, on an indictment for forcible entry and detainer, that in such proceeding, as well as in ejectment, peaceable possession was evidence of seizen.    So also in 9 Wend., 53, *People ex. rel. Gault vs. Van Nostrand,* the court held to the

same doctrine. See also *Livingston vs. the Penn. Iron Company*, 9 Wend., 512–520 ; *Day and White vs. Alverson* Id., 223, Wheat. 59; Bac. Ab., Title Eject. Hence we must conclude that the Judge was right in overruling the objection, and admitting proof of peaceable possession with claim of title as *prima facie* evidence of *seizen in fee*. Indeed a contrary rule of evidence in cases of this kind would inflict a grievous burden upon suitors, rendering it necessary to produce a record of the chain of title in the petitioners, for the laying out of a highway whenever any person should choose to dispute its regularity.

We should adopt such a rule with great reluctance, unless the weight of authority was clear and unequivocal. But such is not the fact. I have been unable to find a case in which record evidence has been required in cases of this kind. Cases may occur in which it becomes necessary, as where possession is wanting, or where the *prima facie* implication arising from possession is rebutted; but all the authorities agree that the kind of evidence offered in this case, viz: peaceable possession under a claim of title, is *prima facie* evidence of *seizen in fee*.

But we do not see how we can sustain the notice which the commissioners or rather supervisors directed to be given, and which was in fact given. Sec. 53, of Chap. 16, of the Revised Statutes, requires that upon application being made to the supervisors for the laying out of a highway, they " shall " make out a notice and fix therein a time and place at which " they will meet and decide upon such application." This notice is to be served upon all the occupants of the lands through which the proposed highway is to run, and must specify, as nearly as practicable, the course of such highway, &c. Now the notice made out by the supervisors, and intended to be in compliance with this provision of the Statute, fixed a time and place where they would "meet to make an " examination and survey of said proposed road." It is easy to perceive that this is not a substantial compliance with the Statute. To make an examination and survey of a proposed

road, is a very different thing from deciding upon an application for a proposed road. The parties interested might feel no concern about the examination and surveys which the supervisors might make, but the decision of these functionaries upon the application might be all-important. Twenty surveys would do little harm, but one decision would fix the rights and interests of the parties, perhaps forever. There is no intimation in the notice that upon such examination and survey of the proposed road, the supervisors would proceed to decide upon the application; nothing from which the parties could infer that the application would be decided then and there; that then and there, the parties interested might be heard; on the contrary, the fair inference to be drawn from the notice is, that on the day named, the supervisors would meet to inspect the route of the proposed road, in order to enlighten their own minds, and enable them the better to decide upon the application, and appreciate the reasons for or against the measure, which might be urged when they should thereafter meet to decide upon the application. Parties might feel no interest in any examination or survey which the supervisors might make, and not care to be present, while they might be intensely interested in the decision which was to be made; and of the time and place of which they had a legal right to notice.

We also think that the notice of the proper kind should be served upon all the occupants, through whose lands the proposed highway is to be laid.

In all these cases the statute must be pursued with reasonable strictness. The most sacred rights of the public, and of individuals, are frequently involved; to guard and secure which, the laws have been made. It is as easy to do the businesss correctly as in any other way, and sometimes, as in the case under consideration, much easier; and we are unwilling to strain the construction of the statute, in order to remedy an error which, it would seem, required an effort of genius to commit.

It is unnecessary to examine the other errors alleged, as these dispose of the case here. The judgment must therefore be reversed and the cause remanded.