J. W. BABB, Plaintiff in Error,

*vs.*

DANIEL CARVER, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF SAUK COUNTY.

A notice by the Town Supervisors that they will meet at a certain time and place *to take into consideraion* the application of the requisite number of freeholders to lay out a highway, is not a compliance with § 53 of ch. 16 of the Revised Statutes, requiring them to give notice of the time and place, at which they will meet *to decide upon such application.*
Austin *vs.* Allen, 6 Wis. 134, considered and approved.

This was an action for injury to real estate brought by Babb, the plaintiff in error, against Carver, the defendant in error, for cutting down trees, &c., upon the premises of the plaintiff to his damages one hundred dollars.

The defendant justified as overseer of highways for his town, the *locus in quo ;* and in his answer set out, that on the 10th day of February, 1858, six and more freeholders of the town of Reedsburg in said county, wishing to have a highway laid out and established, made application in writing to the Supervisors of said town for that purpose, and that the injury complained of, if any, was done in pursuance of law, in the laying out and opening of said highway.

On the trial in the Court below, the plaintiff proved the acts complained of to be committed by the defendant, to wit: the cutting down trees, &c.

The defendant, Carver, then, in order to justify the acts complained of, gave in evidence a petition to the Supervisors of the town of Reedsburg, signed by the requisite number of freeholders in said town, praying the laying out of a highway

along and across the *locus in quo.* And further gave in evidence a notice and affidavit of service thereof upon the plaintiff, in relation to the subject matter of such petition, which notice was as follows :—

" Notice is hereby given that the Supervisors of the town of Reedsburg, will meet at the bridge crossing, Babb's creek, on the north east quarter of section nine, town twelve, north of range four, east, on Saturday, January 30th inst., 1858, at 10 o'clock A. M., *to take into consideration* the petition of Daniel Carver and others, for the laying out of a highway in said town, commencing at the west end of said bridge, and to run thence in a north-westerly direction upon the most direct and practicable route through the said north-east quarter and north-west quarter of said section to the north-east corner of section eight in said town twelve, and range four, east.

Reedsburg, January 19, 1858.

H. W. ANDREWS, } Supervisors.
Z. T. CARVER,

The defendant further gave in evidence an order made by the Supervisors for the laying out of the road, in pursuance of the application and notice before stated, and other proceedings of the Board of Supervisors in the laying out of said road across the plaintiff's land—the defendant justifying under the same. The main objection to the regularity of the proceedings of the Supervisors, was taken to the sufficiency of the notice given by them, of the time and place of deciding upon the application. As the question here decided is in all respects analagous to that in Austin vs. Allen, 6 Wis. Rep. 134, a further statement of the case, as well of the points made by counsel, becomes unnecessary.

*Gregory & Pinney,* for the plaintiff in error.

*Mackey & Wheeler,* for the defendant in error.

*By the Court,* Cole, J. The circuit court instructed the jury in this case that the Supervisors of the town of Reedsburg had taken the necessary "steps to lay out the highway, and had taken the proper steps to compensate the plaintiff for taking his land for a public highway," to which instruction the counsel for the plaintiff in error excepted. We consider this instruction erroneous, and as it materially involved the very merits of the defence set up by Carver to the action of trespass, there must be a new trial.

In the case of *Austin vs. Allen,* 6 Wis. Rep. 134, this court held that a notice given by the Supervisors, that an application had been made by six freeholders of the town of Lima for the laying out and establishing a highway therein described, and that the Supervisors would meet at "a certain time and place to make an examination and survey of the proposed road" was not such a notice as is required by section 53, chapter 16, R. S. 1849. It was there decided that the notice must, with reasonable strictness, comply with the language of the statute, and inform all persons interested in the laying out, altering or discontinuing any highway, of the time and place at which the Supervisors will meet and decide upon the application. It is the decision or final determination of the Supervisors upon the application which most materially affects the rights of the public and of individuals, and hence it is essentially necessary to state in the notice when this decision or final determination is to be made. The notice in the present case was that the Supervisors would meet at a certain time and place, "to take into consideration the petition of Daniel Carver and others, for laying out of a highway in said town." The notice is not that they would there decide upon the petition, but would take it into consideration, or deliberate upon it. This they might do, without even deciding upon the application. As it appears to us, this notice is more defec-

tive than the one given in the case of *Austin vs. Allen* for there the Supervisors stated they would make an examination and survey of the proposed road. In the case at bar, they give notice that they will meet to take into consideration the petition, without indicating any intention of locating the highway, and of deciding upon the application.

These decisions, as to the form and substance of the notice given by the Supervisors in proceedings for laying out highways, may seem like refining too much upon language, but when citizens are to be divested of the use and dominion of their property, and when important interests are involved, we know of no safer or better guide for officials than the sense, meaning and requirements of the statute.

If, therefore, the Supervisors did not give a sufficient and proper notice of the time and place at which they would meet and decide upon such application for laying out the highway, they had not taken the necessary steps for establishing a highway when the several trespasses complained of were committed, and the defence of Carver must fail. His excuse or justification is, that he went upon the land and cut down the trees growing thereupon, as overseer, for the purpose of opening the highway for public travel and use.

But the Supervisors could only lay out a legal highway by proceeding according to law. And this, we think, they failed to do.

The judgment of the circuit court is reversed, and a new trial ordered.