## ROEHRBORN VS. SCHMIDT.

An order of the supervisors of a town laying out or altering a highway is competent evidence of the facts therein stated and is *prima facie* evidence of the regularity of all proceedings prior to the making of the same; but it is not conclusive evidence, and it may be shown in order to defeat the highway, that the facts stated in the order are not true, or that the proceedings prior to making the same were not regular.

A person across whose land a highway is laid out, is not estopped from disputing its validity by reason of having been present when it was laid out, taking no part in the proceedings and failing to make any objections to its being laid out and established.

APPEAL from the Circuit Court for *Sheboygan* County.

Action brought in justice's court for breaking and entering the close of the plaintiff in the town of Wilson, and tearing down the fence of the plaintiff on the east line of his said close. The defendant answered denying the facts alleged against him

and gave notice that the title to real estate would come in question in the action; that the fence removed by him was an obstruction to a public highway, which he removed by virtue of his office as overseer of highways in the district where said highway is situated   The defendant filed the usual bond in such cases and the case was certified to the circuit court for trial.   At the trial in the circuit court, the defendant in order to establish his defense, among other things, offered in evidence an order of the supervisors of the town of Wilson, laying out the highway in question, dated the 25th of January, 1860, reciting, that upon application of six freeholders residing in said town of Wilson, for laying out the highway in question. the supervisors of said town met at the house of August Gartner, in said town, for the purpose of then and there deciding upon such application, it being the time and place fixed by them for that purpose, and proceeded to examine personally such highway, and having then and there heard such reasons as were offered for and against such application, determined to lay out said highway as thereinafter described, having, as required by law, first made out a notice and fixed therein a time and place at which they would meet and decide upon such application, and the applicant for such highway having five days previous to said meeting, caused such notice to be duly given to all the occupants of the lands through which said highway passes, and such notice having also been posted up in three public places in said town ten days before the time of said meeting, and it was the opinion of the said supervisors that by laying out a public highway as set forth in said application, the public good would be promoted.   The order then proceeded to establish the highway and define its limits.   Evidence was also given showing that the plaintiff was present when the highway was laid out, and when the order laying it out was signed.

After the defendant had rested his case, the plaintiff offered evidence to show that the recitals contained in the order laying out the highway in respect to giving notice of the time and

place of the meeting of the supervisors were not true, and that notice thereof was not given as required by law. The defendant objected to such evidence on the ground that the order of the supervisors was conclusive on that subject, and that its recitals could not be contradicted. The court admitted the evidence and the defendant excepted to the ruling. The evidence showed that the notices were, not posted a sufficient length of time before the meeting of the supervisors. After the evidence was closed, the counsel for the defendant asked the court to give certain instructions to the jury the substance of which are stated in the opinion of the court, and which the court refused to give and the defendant excepted. The jury found a verdict against the defendant for six cents, upon which judgment was entered, and from which the defendant appealed.

*J. A. Bentley*, for appellant.

The supervisors of a town in laying out a highway act as a judicial tribunal. 25 Wend., 452 ; 6 Wend., 565 ; 3 Hill, 458 ; R. S., chap. 19, §§ 1, 2, 53, 54, 56, 57. Their decision as to the service of the notice is conclusive and cannot be questioned in a collateral proceeding. They have the power to make a decision on that question, R. S., chap. 19, § 57, and in all collateral proceedings their decision stands for, and is the fact itself, until it is reversed by a direct proceeding for that purpose, as by certiorari.

*H. W. & D. K. Tenney*, for respondent.

*By the Court*, COLE, J. The position that the order of the supervisors laying out a highway is conclusive as to the posting and serving the notices preliminary to their meeting to decide upon the application, even if it recites that such notices have been "duly given to all the occupants of the lands through which the highway passes," is clearly untenable. The statute makes the order competent evidence of the facts therein contained, and " *prima facie* evidence of the regularity of all the proceedings prior to the making of such order." R. S., sec. 59,

chap. 19. This indubitably shows that it was not intended to make the order conclusive of any thing therein stated, but merely that the recital of a fact in the order raises such a degree of probability in its favor, that it must prevail unless the contrary is proved. But still it is competent to show the truth, and to prove that the notice was not given, even though the order says that it was. The circuit court therefore, very properly refused to charge the jury " that the statement by the supervisors in the order laying out the road, that the applicant for such highway, 'having five days notice previous to our said meeting, caused such notice to be duly given to all occupants of the lands through which the highway passes, and such notice having also been posted up in three public places in said town, ten days before the time of our meeting,' was conclusive and could not be impeached." The instruction was clearly erroneous. Neither was the second instruction asked, sound, as a proposition of law. That instruction is in substance, if a party is present at the meeting of the supervisors for deciding an application for laying out a highway, and makes no objection to their proceedings, but allows them to proceed informally, taking no part in their action, that he is afterwards estopped from contesting the regularity of the proceedings of the supervisors in any collateral suit. We do not know upon what ground a party can be said to be estopped in the case supposed. He is not required to state his reasons against the laying out of the highway to the supervisors, or be deemed to waive his objections. The supervisors must take all the steps necessary to establish a highway under the statute. The owner stands upon his strict legal rights, and cannot be presumed to waive any objection, because he fails to make it before the supervisors.

This, we think, disposes of all questions in the case necessary to be noticed.

The judgment of the circuit court is affirmed.