THE STATE, Respondent, vs. LOGUE, Appellant.

*January 31 — March 12, 1880.*

*Highways: Notice of proceedings to lay out.*

1. Under sec. 1298, R. S., an order laying out a highway is only *prima facie* evidence of the regularity of the proceedings, and its invalidity may be shown by proof that the notices required by sec. 1267 were not given.

2. Though the owner of land over which it was attempted to lay out a highway signed the petition therefor and hence was not entitled to notice of the meeting of the supervisors, yet he may avail himself of the want of notice to the public and other owners, to invalidate the proceedings.

APPEAL from the Circuit Court for *La Fayette* County. The facts are stated in the opinion.

For the appellant there was a brief by *Orton & Osborn,* and oral argument by *P. A. Orton.*

For the respondent the cause was submitted on the brief of *D. S. Rose.*

TAYLOR, J. This is an action brought by the state to recover the penalty prescribed by sec. 1326, R. S. 1878, for obstructing a public highway. The action was tried in the court below by the court, a jury trial having been waived by the parties. The only controversy in the case was upon the question whether the *locus* was a public highway, the

defendant, by his answer, having denied the existence of any highway at the place of the alleged obstruction.

After hearing the evidence the learned circuit judge made and filed the following findings of fact and conclusions of law: "That the highway described in the complaint in this action was duly laid out by the supervisors of the town of Willow Springs in La Fayette county, Wisconsin, on the 11th day of March, 1882. That said highway was lawfully opened by said supervisors in the month of September, 1882, and highway labor performed thereon, under the direction of the overseer of highways, in each year thereafter. That the defendant removed his fences from such highway, or caused the same to be removed in the year. That said highway was worked, used and traveled as such, from the time it was opened as aforesaid until the month of April, 1885, when it was obstructed and closed by the defendant, who built a fence across the same. That the defendant, from the time said highway was opened as aforesaid, treated the same as a public highway by removing his fences therefrom, doing highway labor thereon under the direction of the overseer of highways, and by using the same as a public highway up to the time he obstructed it as aforesaid. As conclusions of law, the court finds that there was a lawful highway existing at the place mentioned in the complaint in this action, in the month of April, 1885, and that the defendant at that time unlawfully obstructed the same, and is liable to the penalty prescribed in sec. 1321, ch. 52, R. S., and that the plaintiff is entitled to the judgment demanded in the complaint to the amount of $1, with costs."

The defendant duly excepted to each of the findings of fact, and to the conclusions of law. The court entered judgment in favor of the state for the penalty and costs. The defendant appealed to this court, and alleges as error that the evidence in the case does not sustain the finding of the learned circuit judge, " that the highway described in

the complaint was duly laid out by the supervisors of the town of Willow Springs in La Fayette county, Wisconsin, on the 11th day of March, 1882."

After a careful reading of all the evidence in the case, we are forced to the conclusion that there is clearly a failure of evidence to support this finding. The only evidence introduced on the part of the state to show that the alleged highway was ever laid out by the supervisors of said town, was a certified copy of an order made by said supervisors on the 11th day of March, 1882, which purports on its face to be an order laying out a highway over the place where the obstruction complained of was placed by the defendant; a survey of said highway; an award of damages to the owners; and a petition for the highway in due form. The name of the defendant appeared on this petition, written in pencil. There was also some evidence given tending to show that the alleged highway had been opened for public use and had been used as such previous to the commencement of this action, and that some highway work had been performed on portions thereof before this action was commenced. The action was commenced in April, 1885, and according to the findings of the court the road was not lawfully opened or any highway labor performed thereon until the month of September, 1882.

Upon the evidence introduced by the state there was a legal presumption that the supervisors had regularly laid out a highway over the *locus in quo.* This presumption is, however, a mere presumption of fact, declared to be such by statute. Sec. 1298, R. S. Without the aid of this section it could not be contended that the proofs of the state had established such fact. The only question for the consideration of the court was whether this presumption of fact had been overcome by the evidence of the defendant. The evidence of the defendant which is clearly uncontradicted shows that although the name of the defendant ap-

peared on the petition for the highway, he did not place it there, nor did any other person place it there with his knowledge or assent. The evidence of the defendant also establishes the fact that the notices of the application for laying out the highway and of the time and place when and where they would meet to consider such application, which are required to be given by sec. 1267, R. S., were not in fact given. That the failure to give the notice required by said section is fatal to the proceedings of the supervisors in laying out a highway has been frequently decided by this court. *Williams v. Mitchell,* 49 Wis. 284, 288; *State v. Langer,* 29 Wis. 68, 71; *Austin v. Allen,* 6 Wis. 134; *Babb v. Carver,* 7 Wis. 124; *Roehrborn v. Schmidt,* 16 Wis. 519. As said in *Williams v. Mitchell,* 49 Wis. 288, sec. 1298, R. S., makes the order of the supervisors laying out a highway *prima facie* evidence that the proper notice was served, and all that is necessary for the party denying such service is to show by competent evidence that such notices were not in fact served or given. It seems very clear to us that the evidence of the defendant in this case is sufficient to overcome the presumption of the statute, and leaves the state in the position it would have been in had not the statute been enacted. *Roehrborn v. Schmidt,* 16 Wis. 519, 522.

But it is urged that the defendant signed the petition for the highway, and so was not entitled to notice of the meeting of the supervisors. Admitting this to be true, it would not dispense with notice to the public and other owners, and he may avail himself of such want of notice to other parties to invalidate the proceedings. See *Roehrborn v. Schmidt, supra.* There is, however, no evidence in the case that the defendant ever signed the petition. There was no proof that the signature was his, but the contrary. There was no presumption raised against the defendant that he authorized the signature. In order to bind him by a signature admitted not to be in his handwriting, the state

would be bound to show affirmatively that he authorized such signature. No such evidence was offered; on the contrary, the evidence in the case shows that the signature was attached without his consent or direction. It being clearly shown that the proceedings of the supervisors in laying out the road in question were irregular and void, no case was made in favor of the state unless there is evidence establishing a highway by prescription, or by use for three years or more under sec. 1295, R. S., or by dedication by the defendant. There is no evidence to sustain a highway by prescription at common law, and the evidence fails to sustain a highway under sec. 1295 by three years' use, as the court finds that the road was not opened or worked until in September, 1882, and this action was commenced in April, 1885. The court has not found that the defendant had dedicated the *locus in quo* as a public highway, and we do not think there is sufficient evidence in the case upon which such a finding could be sustained.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to said court to render judgment for the defendant.