MICHAEL STURM *vs.* SCHOOL-DISTRICT No. 70 IN BROWN COUNTY and others.

December 17, 1890.

**School-District—Notice of Meeting.—** A notice of a school meeting, over the signatures of five or more freeholders, qualified electors of the district, issued in a proper case under Gen. St. 1878, *c.* 36, § 38, but which notice failed to recite on its face the fact that the signers were such freeholders, is not void for the want of such recital.

**Same—Vacating Judgment Obtained by Collusion.—** Where judgment in an action against a school-district is entered by collusion between the plaintiff and one of the trustees, the court may, on the proper application of the other trustees, set aside the same, and allow an answer upon the merits to be interposed.

Plaintiff brought this action in the district court for Brown county, to enjoin the removal of a school-house. The director of defendant, assuming to act for the defendant as well as for himself as such director, stipulated with plaintiff that the allegations in the complaint were true, and on this stipulation judgment was ordered and

entered for plaintiff. Thereafter the defendant moved, on affidavits and a proposed answer, that the judgment be set aside and for leave to defend. The motion was granted by *Webber,* J., and the plaintiff appealed.

*Jos. A. Eckstein,* for appellant.

*Geo. W. Somerville,* for respondent.

VANDERBURGH, J. The first error assigned is that the notice calling the special school meeting, at which it was voted to remove the school-house in the school-district mentioned in the pleadings, was defective in not stating "who and what the signers are." The point intended to be made is that it does not appear upon the face of the notice that the signers are freeholders or householders, and qualified electors in the district. The answer which the court allowed to be interposed on opening the judgment herein shows that the persons named, or more than five of them, were in fact qualified electors and freeholders in the district as the statute requires, (Gen. St. 1878, c. 36, § 38,) and that the notices were duly posted as required by law, after the refusal of the district clerk to give notice of the meeting in pursuance of a petition or request so to do signed by the requisite number of freeholders, and which petition recited that the signers were qualified electors, freeholders, and householders in the district. The statute does not require that the notice shall recite the legal qualifications of the persons signing it, although it is the usual and proper practice. But, where the proceedings are attacked for want of jurisdiction, it is sufficient that the persons signing are so qualified, and this is a fact which may be easily ascertained by the officers of the district, or other persons interested, before or at the meeting, and before the subjects embraced in the notice are acted on. It is the fact and not the recital which gives the notice legal validity in this respect. *Willis* v. *Sproule,* 13 Kan. 257; *Austin* v. *Allen,* 6 Wis. 134; *Washington Ice Co.* v. *Lay,* 103 Ind. 48, (2 N. E. Rep. 222.)

2. The judgment was entered before the time to answer had expired, and without answer, in pursuance of the stipulation of the plaintiff's attorney and the director of the district. It is shown by the affidavit introduced by the defendant on the motion to set aside the judgment that it was obtained by collusion, and after an attorney

for the defendant had been employed by the trustees, including the director, to appear and defend the action. We have no doubt that the court was justified in setting aside the judgment, and in allowing the answer to be served and filed. And, apart from the strict legal rights of the parties, the relief asked was fairly within the discretion of the court.

Order affirmed.