## ISHAM VS. SMITH and others.

*Laying out and discontinuing highways.*

1. An order of town supervisors, purporting to lay out a road, is void when it does not intelligibly describe the line thereof, nor refer definitely to any proper instrument, on file in the town clerk's office, containing such description.

2. Such an order provided that when a certain bridge should be built on the line of the proposed road, a certain other highway should be discontinued. The order for the new road being void, that of discontinuance *held* to be void also.

APPEAL from the Circuit Court for *Dane* County.

Trespass, for removing plaintiff's fence, in a certain section 8. Answer, highway &c. The *locus in quo* had been a highway, but plaintiff claimed that it had been discontinued by order of the town supervisors in 1862. He put in evidence: 1. An application to the town supervisors to lay out and establish a highway, and to discontinue one already existing in said section 8. 2. A notice of said application, and of the time and place of a meeting of the supervisors to consider it; with proof of posting. 3. The record of the proceedings of said supervisors, as follows: "Dane County, Town of Dunkirk, ss.—At a meeting of the supervisors of said town, agreeable to previous notice, and having examined and deliberated upon the subject herein embraced, it is ordered and determined by the said supervisors that a highway be laid out in said town, of the width of four rods, and have caused a survey thereof to be made. It is further ordered and determined that when there shall be a

bridge built across the Catfish river on the line of said high-
way, the highway from the point where the highway commences
to run north and the southwest corners of the cemetery grounds,
be discontinued. Dated Stoughton, this 10th day of May, A.
D. 1862." [Signed by two supervisors, and counter-signed by
·the clerk.] Plaintiff testified that the road mentioned in the
order as to be discontinued, covered the ground where the fence
was, and that the bridge over the Catfish river had been built
for about three years.

The court found for the defendants; and denied a motion
for a new trial; and plaintiff appealed from the judgment.

*Geo. B. Smith*, for appellant.

*Hopkins & Foote*, for respondents.

DOWNER, J. Was the fence which the respondents,
defendants below, removed, in the highway? Whether it was
or not, depends upon the validity of the order of the supervi-
sors by which it is claimed they laid out the new and discon-
tinued the old road. Section 58, ch. 1$, R. S., provides that
"whenever the supervisors shall lay out, alter or discontinue
any highway, they shall cause an accurate survey thereof to be
made, when necessary, and they shall make out a description
of the highway so laid out, altered or discontinued, and incor-
porate the same in an order to be signed by them, and shall
cause such order to be filed and recorded in the office of the
town clerk, who shall note the time of recording the same in
the record." Section 59 provides that the order, or a copy of
it, shall be competent evidence in all courts of the facts therein
contained, and *prima facie* evidence of the regularity of all
prior proceedings. By other provisions of the chapter, all other
papers pertaining to laying out, altering or discontinuing high-
ways are to be filed in the town clerk's office. It is obvious
from these provisions, that the order laying out, altering or
discontinuing is the most important part of the record, and that

alone by which those interested are to know whether the supervisors have laid out, altered or discontinued a highway. The order in question contains no description whatever of the highway alleged to have been laid out, or intelligible description of that claimed to have been discontinued. The only way any force or effect could possibly be given to it, would be to suppose the supervisors meant to adopt the description in the petition, both as to the highway therein asked to be laid out and as to that prayed to be discontinued. But we cannot consider that description as a part of the order; for there is no reference in the order to the description in the petition, or even to that in the notice. The supervisors might have granted the prayer of the petitioners in full, or they might have granted it in part and denied it in part; and what they did do from the order we are entirely unable to tell. They failed to incorporate in the order any description of the road laid out. If the description as to the road to be discontinued is such that its boundaries in the order mentioned could be identified by parol evidence, still its discontinuance is *conditional* upon the opening of the road attempted to be laid out, or the building of a bridge on the line of that road across the Catfish, so that if the order is void as to that part relating to the laying out of the road, it is void *in toto.*

*By the Court.*—The judgment of the circuit court is affirmed.