Ruhland and another vs. The Supervisors of the Town of Hazel Green.

RUHLAND and another vs. THE SUPERVISORS OF THE TOWN OF HAZEL GREEN.

*October 13 — October 31, 1882.*

HIGHWAYS: JURISDICTION. *(1) Jurisdiction in highway proceedings dependent on strict compliance with statutory requirements. (2) What cannot be waived.*

1. The board of supervisors of a town can acquire and retain jurisdiction of the proceeding to lay out, vacate or alter a highway, only by a strict compliance with the statutory requirements; and no consent or waiver by any person can confer such jurisdiction or estop such person from questioning the validity of the proceeding, where there has been a failure to comply with the statute in any particular in which the public generally is interested.
2. Under secs. 1267–9, R. S., the decision in the proceeding to lay out a highway must be made and filed within ten days after the date of the last adjournment of the hearing, and no adjournment can be had for a longer period than thirty days after the time of hearing originally fixed. A compliance with these requirements is a matter of interest to the public generally and cannot be waived.

APPEAL from the Circuit Court for *Grant* County.

The case is thus stated by Mr. Justice TAYLOR:

" This is a proceeding by common law writ of *certiorari* to review the proceedings of the board of supervisors of said town of Hazel Green in laying out a highway through the lands of the plaintiffs. The writ was issued by the circuit court for Grant county, and upon the return to the writ in that court judgment was entered affirming the proceedings of the town board laying out said highway, and from that judgment the plaintiffs appealed to this court.

" The record of the proceedings shows that a proper petition for said highway was presented to said board, signed by the requisite number of freeholders of said town, on the 6th day of October, 1880; that upon receiving such petition the supervisors gave notice that they would meet to decide upon such petition on the 16th day of October, 1880, at 10 o'clock

A. M., at a place mentioned in said notice; that at the time fixed they met at the place mentioned and then adjourned until the 27th of October, 1880, at 1 o'clock P. M., to meet at the town clerk's office in said town, when and where they would meet to decide upon such application; that on said last mentioned day the supervisors met at the place fixed in said notice, and again adjourned the hearing of said petition until the 1st day of December, 1880, at 2 o'clock P. M.; and that on the said 1st day of December the supervisors again met at the town clerk's office, and then made an order laying out said highway. The record further shows that one of the petitioners, and all the persons through whose lands the proposed highway would pass if laid out, appeared before the said board of supervisors, on the 27th day of October, 1880, at the time and place fixed for the meeting of said board, to decide upon said petition, and signed the following written stipulation:

" ' Whereas, Adam Huska has applied to the board of supervisors of the town of *Hazel Green* to lay out a certain highway in said town described in a certain petition now on file in the office of the town clerk of said town, and which matter of the laying out of said highway is now pending before said board and undetermined; and whereas, *Michael Kounkle*, George Lebben, Bernard Fulmer, *Benedict Ruhland*, and Nicholas Johnson, the parties through whose land the said proposed highway runs, have appeared before said town board and objected to the laying out of said highway; and whereas, a certain order was made heretofore by a previous town board laying out a highway over the same ground, and was appealed from to commissioners as provided by law, which commissioners reversed the said order laying out said highway, and the proceedings respecting said order laying out said highway, and said order of said commissioners reversing the same, were taken up to the circuit court of Grant county, Wisconsin, by writ of *certiorari* on the petition of said

Ruhland and another vs. The Supervisors of the Town of Hazel Green.

Huska, and is pending and undetermined in said court; and whereas, both parties are desirous of having said matter heard and determined in said court before the said town board decides upon the said pending application of said Huska: Now, therefore, it is hereby agreed by and between said Adam Huska on the one part, and said contestants on the other, that the matter of laying out said highway may be adjourned by said town board until the first day of December, 1880, to enable the said matter to be heard and decided by said circuit court, and that upon said adjourned day the said town board may proceed and decide upon the said application in the same manner and with the same effect in all respects, and shall be so considered and treated in all courts and places, as though the determination thereof were made and determined and filed to-day, and such order shall be dated as of the day when made; and all parties hereto agree that if the said board shall then lay out or refuse to lay out said highway, either party may appeal therefrom, in the same way and with the same effect as though such order were made to-day, within thirty days after such adjourned day, or the day of making or refusing to make such order.' "

*Geo. Clementson*, for the appellants.

For the respondents there was a brief by *Carter & Cleary*, and oral argument by *Mr. Carter*. They contended, *inter alia*, that the appellants could, and by their stipulation did, waive their legal right to have the question of taking their land for highway purposes decided within the statutory thirty days. *Karber v. Nellis*, 22 Wis., 215. In New York it has been held that commissioners of highways may act upon the personal consent of the land owner in laying out or altering a highway across his lands. Although such consent may be revoked, it must be done before the road is laid out. If the commissioners act upon the faith of such unrevoked consent, he will be estopped to deny the validity of the act. *Marble v. Whitney*, 28 N. Y., 297. See, also, *Hop-*

*kins v. Crombie,* 4 N. H., 520; *State v. Richmond,* 6 Foster, 232; *Small v. Pennell,* 31 Me., 267; *Smedley v. Erwin,* 51 Pa. St., 445; *Town v. Blackberry,* 29 Ill., 137; *Rutland v. Worcester,* 20 Pick., 71. It has been held that parties who appear before commissioners at the time of hearing cannot object to the proceedings on the ground of their not having had reasonable notice unless they make the objection at the time of the hearing. *Inhabitants of New Salem, Petitioners,* 6 Pick., 470. A similar rule seems to have been held in New Hampshire. *Gilford's Petition,* 5 Foster, 124; *Parish v. Gilmanton,* 11 N. H., 293. Apparently, also, in Kentucky and Connecticut. *Anon,* 2 Monroe, 91; *Windsor v. Field,* 1 Conn., 279. And the rule seems to be founded on reason. The object of requiring notice is that the land owner shall have an opportunity to be present and be heard before his land is taken for public use. If in fact he does know of the time and place and is in fact heard as fully as he desires, what reason is there for saying that he ought not to be bound by the decision? In *Roehrborn v. Schmidt,* 16 Wis., 519, and *State v. Langer,* 29 id., 68, it was held, merely, that the acts shown to have been done by the land owners in those cases did not amount to a waiver. The beginning of the proceeding, the thing necessary to give the supervisors jurisdiction of the subject matter, is the filing of a proper petition. *Damp v. Town of Dane,* 29 Wis., 419. If after such commencement the land owner may waive all irregularities, as is held in *Karber v. Nellis, supra,* he may surely waive notice of the time and place of the supervisors' meeting. The cases of *Dolphin v. Pedley,* 27 Wis., 469, and *State v. Castle,* 44 id., 670, are not in point. The statute under which they were decided expressly declared that a failure to file the order and award within ten days was a refusal to lay out the road. Secs. 55, 57, 58, ch. 19, R. S. 1858, as amended by ch. 24, Laws of 1860. In this case the statute does not provide that an adjournment for more than

thirty days with the consent of all parties shall work a refusal to grant the application, or oust the supervisors of jurisdiction. And in the absence of such a statutory provision there is no reason for holding that such is the effect of the adjournment.

TAYLOR, J. Upon the record it is alleged by the learned counsel for the appellants that the board of supervisors, by their adjournment of the hearing of the petition from October 27 to December 1, 1880, lost all jurisdiction of the subject matter of said petition, and that their subsequent order made on said first day of December, laying out the highway, is void. On the other side, it is alleged by the learned counsel for the respondents that these plaintiffs are estopped from questioning the authority of the board to make the order by having consented to the adjournment. This court has repeatedly held that the power to lay out, vacate, or alter a highway by the board of supervisors of a town is strictly a statutory proceeding, and that such proceedings are void in every case where the requirements of the statute are not substantially complied with. *Williams v. Holmes*, 2 Wis., 129; *Austin v. Allen*, 6 Wis., 134; *Babb v. Carver*, 7 Wis., 124; *Roehrborn v. Schmidt*, 16 Wis., 519; *Isham v. Smith*, 21 Wis., 32; *State v. Langer*, 29 Wis., 68; *Damp v. Town of Dane*, 29 Wis., 419; *State v. Castle*, 44 Wis., 670.

It seems to us very clear that these decisions settle the question beyond dispute, in this court, that the supervisors can only acquire jurisdiction of the proceeding to lay out a highway by a strict compliance with the statutory direction, and that no consent of the applicants for the highway, or the persons through whose lands the highway is laid out, can validate the proceedings, if the board has failed to comply with such statutory requirements. A land owner, through whose land the highway runs, may, by express agreement, waive his right to compensation for the land taken for the

highway, and he may, undoubtedly, by express stipulation waive his right to personal notice of the time and place of the meeting of the board to decide upon the petition, because these things are matters which are personal to him and do not affect the interest of the public generally. But that a land owner cannot waive any step prescribed by the statute in which the public generally is interested, is, we think, conclusively settled by the cases of *Roehrborn v. Schmidt* and *Damp v. Town of Dane, supra.* In the first case it was held that the land owner, who appeared before the supervisors at the time fixed for the hearing of the petition and objected to the laying out of the highway, did not waive the right to question the jurisdiction of the board to proceed, for the reason that the public notice required by the statute had not been posted as required by law; and in the second case it was held that the appearance of the town before the board was no waiver of its right to question the jurisdiction of the authorities assuming to lay out such highway on the ground that no proper petition had ever been presented to them.

The case of *Roehrborn v. Schmidt*, which was approved in *State v. Langer, supra,* is a clear adjudication that the public notice required to be given by the supervisors before acting upon the petition is jurisdictional, and that a failure to give such notice vitiates the proceedings as to all parties who have not estopped themselves by receiving from the town compensation for their lands taken by said highway. Such public notice is necessary to give the board jurisdiction to proceed to judgment in the matter. As is said in *Steen v. Norton,* 45 Wis., 412, the board can only acquire jurisdiction of the proceedings by complying with the requirements of the statute; and when the board has acquired jurisdiction of the proceedings, it can only retain such jurisdiction by a compliance with the directions of the statute. This latter proposition was settled in the case of *State v. Castle, supra.*

In *State v. Castle* it was held that, under the law as it stood

before ch. 376, Laws of 1876 (now sec. 1269, R. S. 1878), was passed, the board lost all jurisdiction of the proceedings unless they made and filed their decision within ten days after the time fixed in the notice for deciding upon the application. The only difference between the law in force when the order in this case was made and the law in force when the order was made in the case of *State v. Castle*, is that now the decision must be made and filed within ten days after the date of the last adjournment of the hearing, and that no adjournment can be made for a longer period than thirty days after the day fixed in the notice for the first meeting to decide upon the application. See secs. 1267, 1268, and 1269, R. S. 1878; secs. 66, 67, and 68, Tay. Stats., pp. 491, 492. As the law now stands, the board must make their order within ten days after any adjournment of such hearing to any day within thirty days after the time fixed in their original notice for such hearing, so that they cannot in any event make a valid order after the expiration of forty days from the time fixed in the first published notice for their meeting to decide upon the petition. In the case at bar the order laying out the highway in question was made more than thirty days after the time fixed in the notice given to the public fixing the day of hearing to decide upon the application, and more than ten days after the last adjournment of the hearing made within said thirty days, and is clearly void, unless the fact that the plaintiffs in error consented to such adjournment of the hearing for more than thirty days after such time estops them from alleging such error. We are of the opinion that the consent of the plaintiffs in error could not continue the jurisdiction of the board beyond the time fixed by the statute and within which they were required to make the same. The question whether the board had jurisdiction of the proceedings at the time the order was made, is a question which relates to the subject matter of the proceeding, and no waiver by any one can confer such juris-

diction; nor is a party who undertakes to waive such jurisdictional matter estopped from questioning the validity of such proceedings. See *Steen v. Norton, Damp v. Town of Dane, supra,* and *Ohse v. Bruss,* 45 Wis., 442–444; *Herrick v. Racine W. & D. Co.,* 43 Wis., 93; *Henckel v. Sewing Machine Co.,* 51 Wis., 363.

In the case of *Herrick v. Racine W. & D. Co.* this court say: "It appears to follow that if a court cannot restore its own jurisdiction, lost by statutory limit, the parties cannot restore it by consent; for it is not jurisdiction of the person, but of the proceeding. And we are unable to comprehend how that could be done by the implied consent or waiver, which cannot by express consent." The decision in that case is clearly in point, and must govern this case. Here the board lost jurisdiction of the proceedings after lapse of thirty days from the date fixed in the notice for meeting to decide upon the petition, and no consent of parties could restore such lost jurisdiction. But the learned counsel for the defendants in error insists that the supervisors, with the consent of the persons through whose lands the proposed road is laid out, may lay it out without any regard to the requirements of the statute as to giving public notice of their meeting to decide the question. His argument is based upon the theory that no one has any real interest in having the proceedings carried on in the way provided by the statute except the land owners, and perhaps the petitioners, and that they may therefore waive all the statutory requirements except the presentation of the proper petition. This, we think, is clearly a wrong view of the statute.

As was said in the case of *State v. Castle,* the supervisors have no power to bind the town for which they act in laying out a highway unless they proceed according to law; and the town cannot be compelled to open the same, nor to pay the damages awarded to the owners of the lands taken for the same, unless such proceedings are conducted in the manner

prescribed by the statutes.    In that case it was also held that
the supervisors could not, by agreement with the land owners,
discontinue a highway and open a new one so as to bind the
town.    Any other construction of the powers of the board
of supervisors in laying out and establishing highways would,
we think, be highly detrimental to the interests of the pub-
lic, and clearly contrary to the policy of the statutes of this
state.    It is true, the owners of lands may open a way
through them and dedicate it to the public as a highway, and
if the proper authorities accept the dedication such way may
become a public highway.    But that is not this case.    Here
the land owners, instead of being willing to dedicate the way
to the public, object to its being laid out as a highway, and
claim compensation of the town if the way be opened
through their lands.    There is nothing in this record which
looks like a dedication on their part.    And it seems to us
clear that, unless we overrule the case of *Damp v. Town of
Dane, supra,* neither of the land owners in this case could, if
the town refused to pay the damages awarded to them, re-
cover the amount of the town in an action brought for that
purpose.    And if that be so, then they ought to be permitted
to challenge the right of the town to open the same, notwith-
standing they consented to an adjournment beyond the
thirty days fixed by the statute as the limit within which the
power to adjourn was given to the supervisors.

*By the Court.*— The order and judgment of the circuit
court, affirming the proceedings of the town board of super-
visors of the said town of *Hazel Green* in and about the
laying out of said highway, is reversed; and the said order
of the town board of supervisors of said town of *Hazel
Green,* in and about the laying out of said highway, is also
reversed.