FRASER and others, Appellants, vs. MULANY and others, Respondents.

*September 15—October 9, 1906.*

*Town drains: Jurisdiction of supervisors: Defective proceedings: Notice of hearing: Determination as to damages: Benefits to highway: Assessment of cost: Arbitrary or fraudulent action: Recording of orders, etc.: Remedy in equity.*

1. Under the statutes relating to town drains (secs. 1359–1371, Stats. 1898) the supervisors constitute a special tribunal for administrative purposes, not proceeding according to the course of the common law, and exact compliance in all substantial matters with the statutory procedure is essential to their jurisdiction.

2. If, by noncompliance with the statute, the supervisors lose jurisdiction, their proceeding and determination are wholly void and may be attacked collaterally or directly.

3. Failure to give notice of the first hearing as required by sec. 1360, Stats. 1898, is fatal to the jurisdiction, even though there is an affidavit of the service of notice.

4. Under secs. 1363, 1364, Stats. 1898, a determination by the super-
   visors of the question of damages to lands through which the
   ditch runs is an essential preliminary to an apportionment of
   the total cost of construction upon the lands to be benefited.
5. Where the ditch crosses a highway the supervisors must, under
   sec. 1363, Stats. 1898, before assessing the cost to the lands to
   be benefited, consider and determine whether such highway will'
   be benefited and, if so, the amount of such benefit; but there
   is no presumption that the supervisors did not perform that
   duty from the mere absence of an assessment against the town
   on account of such a benefit.
6. Arbitrary or fraudulent omission of lands directly benefited or
   inclusion of lands not at all benefited renders void the assess-
   ment of the cost of constructing the ditch.
7. The recording of the order awarding damages to the owner of
   land, as required by sec. 1363, Stats. 1898, and of the final cer-
   tificate of assessment required by sec. 1364, is essential to the
   validity of subsequent proceedings.
8. Where invalid proceedings to establish a drain across lands consti-
   tute a cloud upon the title or a threatened permanent injury to
   the land, the owner may maintain a suit in equity to have the
   proceedings declared void and further steps therein enjoined.
   The remedy by appeal from the determination of the super-
   visors or by *certiorari* is not adequate in such a case.

APPEAL from an order of the circuit court for Walworth
county: E. B. BELDEN, Circuit Judge. *Reversed.*

The appeal is from an order sustaining a demurrer to the
complaint of the plaintiffs, praying that the defendants, who
are the supervisors of East Troy, Walworth county, be tem-
porarily and permanently restrained from all proceedings to-
wards constructing a certain ditch, and that the proceedings
already taken to authorize the same be adjudged invalid.
The five plaintiffs are several owners of different parcels of
land through which the ditch passes and against whom an as-
sessment has been made for its construction and who are sev-
erally charged with the duty of maintaining specified sections
thereof. The proceeding assailed is under the town drain
statutes, secs. 1359–1371, Stats. 1898.

The complaint avers the filing of due petition by a suf-
ficient number of freeholders alleging the necessary facts,

and the making of an order of notice for hearing for the 18th day of November, 1905, but that, although such service was attempted and a so-called proof of service was made, of which a copy is attached to the complaint, such notice was not in fact served upon each of the resident owners of the several tracts of land through which the ditch would pass, either personally or by leaving a copy at their usual place of abode at least five days before the time fixed for such meeting, and that the notice was in fact not served in any manner whatsoever upon a large number of such resident owners.    The so-called proof of service is made by affidavit of a nonofficial person, and states merely that he personally served the annexed notice upon the necessary persons, naming them, and that he posted such notice in three specified public places. It is further alleged that the defendants met at the time specified to examine the location and hear protests, assuming that such notices had been served, and on the 23d day of December made an order purporting to lay out said ditch and establishing the route, in form substantially according with the requirements of the statute, copy of which is annexed to the complaint, and also on said day made an order dividing said ditch into sections and assigning to each of the owners of certain parcels of land benefited, including plaintiffs', a section of such ditch to be kept in repair, and also declared an estimate of the cost of construction of each section separately, but did not determine or estimate or include in the amount necessary to be raised for the construction of said ditch any damages to any of the persons through whose lands said ditch was to pass.

The complaint also alleges that on the 26th day of December the defendants attempted to apportion and assess the total cost of construction upon the tracts of lands which in their judgment would be directly benefited, and made and signed a document purporting to.be a certificate of such assessment, and filed the same in the office of the town clerk, but did not

cause it to be recorded in the town clerk's office at any time, and the same never has been recorded; that in so apportioning said ditch it was divided into a less number of sections than the number of the several parcels of land which would be directly benefited by the construction thereof; that no agreement was ever made with any of the owners ascertaining the damages to them from the opening of the ditch, nor was any release in writing received from any such owners, and no award or determination of the damages in writing or otherwise was ever made, nor was the question passed upon or considered by the defendants; that the defendants did not apportion or assess the cost of construction upon all the tracts of land directly benefited in proportion to the benefit to be respectively derived from such tax, but arbitrarily and not in the exercise of their judgment omitted and failed to assess any portion of the cost upon a number of tracts of land which would be directly benefited, and unreasonably and arbitrarily, and not in the exercise of their judgment, did assess part of the cost of construction to several tracts of land not in fact directly or indirectly benefited by such ditch, and which, owing to their physical conformation, could not be in any manner so benefited; that the ditch is laid across at least one public highway, but defendants made no determination in any manner whether such public highway would be benefited by such construction of the ditch, nor the amount, if any, of such benefit which should be paid by the town; that certain stated amounts were assessed against the lands of each of the plaintiffs, which the defendants caused to be extended upon the tax roll of the town in process of collection at the time of making the complaint; wherefore the proceedings are declared to be unlawful and void.

The complaint further states serious damage to the several plaintiffs to result from the excavation upon their lands and the diversion of a natural watercourse or stream of great value to them and each of them for watering stock, from which

privilege and opportunity they will be deprived, as also of other benefits derived from such watercourse in its natural state, and whereby, also, large quantities of water will be gathered together and discharged upon and over the lands of the plaintiffs, to their serious injury and the creation of nuisance thereon; that the defendants threaten and intend to let contracts and proceed with the construction of said ditch across the lands of the plaintiffs, whereby the value of their respective lands will be greatly diminished and their property injured, and that they have no adequate remedy at law.

For the appellants there was a brief by *Tullar & Lockney,* and oral argument by *Henry Lockney.*

For the respondents there was a brief by *Ryan, Merton & Newbury* and *Jay W. Page,* and oral argument by *Mr. E. Merton* and *Mr. Page.*

DODGE, J. The supervisors of a town, under the town ditch statutes, constitute a special tribunal for administrative purposes, not proceeding according to the course of the common law; hence exact compliance with the course of proceedings prescribed by law, at least in all substantial matters, is essential to their jurisdiction. Unlike courts of record, they have no jurisdiction to err as to the law governing procedure. Their field of permissive error without loss of jurisdiction is confined to those subjects over which they are authorized to exercise judgment or discretion. *Ruhland v. Hazel Green,* 55 Wis. 664, 13 N. W. 877; *State ex rel. Heller v. Lawler,* 103 Wis. 460, 79 N. W. 777; *State ex rel. Durner v. Huegin,* 110 Wis. 189, 239, 85 N. W. 1046; *State ex rel. Augusta v. Losby,* 115 Wis. 57, 63, 90 N. W. 188; *Holz v. Rediske,* 116 Wis. 353, 92 N. W. 1105. If they lose jurisdiction by failure to perform any necessary step, their proceeding and determination are wholly void and may be attacked collaterally or directly. *Ruhland v. Jones,* 55 Wis. 673, 13 N. W. 689; *McKee v. Hull,* 69 Wis. 657, 35 N. W.

49; *Schroeder v. Klipp,* 120 Wis. 245, 97 N. W. 909. In the light of these general rules, we proceed to consider the defects in the proceeding alleged in the complaint, omitting such as appellants have not argued, on the assumption that they may have been found unsupported in fact and therefore immaterial.

1. There is positive allegation of failure to give notice of the first hearing, as required by sec. 1360, Stats. 1898. This is fatal according to unvarying authority. *Roehrborn v. Schmidt,* 16 Wis. 519; *State v. Langer,* 29 Wis. 68; *State ex rel. Foster v. Graham,* 60 Wis. 395, 399, 19 N. W. 359; *State v. Logue,* 73 Wis. 598, 41 N. W. 1061. Respondents seem to contend that assertion of the presence in the record of an affidavit of service by some one neutralizes the express allegation of absence of such service. This is mere confusion. While the complaint asserts the existence of the paper, it nowhere alleges or admits that any of the facts stated by it are true. *McVichie v. Knight,* 82 Wis. 137, 51 N. W. 1094. Another contention is that some presumption conclusively supports the proceeding, if the record shows declaration of service. It would be strange indeed if this tribunal, having no authority to proceed at all unless service was in fact made, could yet go on with condemnation of plaintiffs' lands and assessment of expenses in entire absence of such service, merely because the record showed that they believed, or said they believed, the notice had been given. No such solecism is recognized by the law. *Rape v. Heaton,* 9 Wis. 328; *Schroeder v. Klipp,* 120 Wis. 245, 250, 97 N. W. 909.

2. The next seriously debated defect in the proceedings is based upon the allegation of the complaint that the supervisors did not consider, decide, or estimate the damages to any of the persons through whose lands the ditch was to pass, nor ascertain such damages by agreement, although it is also positively alleged that serious damage would be caused to the lands of each of these plaintiffs. Sec. 1363, Stats. 1898,

which authorizes the board to apportion the maintenance of the proposed drain in sections upon the persons directly benefited, also requires that they shall estimate the cost of constructing each such section separately, and also the damages which any owner of any parcel of land through which such drain has been laid out will sustain by reason of its construction and opening. The cost of such construction and all the damages occasioned thereby, together with the cost and expenses of surveys, maps, plans, and estimates, shall be held to be the total cost of such drain, ditch, or watercourse. By sec. 1364, Stats. 1898, it is made the duty of the supervisors to apportion such "total cost of construction" upon the several tracts of land which, in their judgment, will be directly benefited, in proportion to the benefits to be respectively derived by such tracts. Sec. 1363 further provides that, when damages are not ascertained by agreement with the owner, the supervisors "shall award to the owner of each parcel of land so damaged such amount of damages as they shall adjudge to be reasonable and just."

It is clear that the statutory scheme for constructing this ditch requires, as an essential, that before the attempt to apportion the expense of construction amongst those benefited there shall be a determination by the supervisors of the question of damages to lands through which it runs; for, obviously, the cutting of a ditch through the premises of an individual is a taking of property which is forbidden by the constitution unless due compensation be made therefor, save in the case where a nuisance exists on those very premises, which the legislature might perhaps under its police power abate at the expense of the landowner—a situation not suggested as to any of the plaintiffs in the present record. Further, it is obvious that the statute contemplates no liability of the town or any municipality for any expenses in the construction of such ditches; for the total cost, including the cost of obtaining right of way, is only authorized to be paid out of the

assessments upon lands directly benefited in proportion to the benefits received by them. This is, of course, an exercise of the taxing power as to all lands not themselves the situs of a nuisance, and the imposition cannot be permitted to exceed the actual benefits derived. The supervisors, therefore, cannot know whether they can raise the money necessary for the construction of the ditch, including damages, until they have first ascertained the amount of such cost and whether the benefits to lands specially benefited will equal or exceed it. It is therefore not merely a matter of form, but of essential substance, that the supervisors should consider and decide upon the amount of damages caused to any property through which the ditch is to run before they can make their final order of assessment. This, according to the allegations of the complaint, they have wholly failed to do, and their further orders, to which this was a statutory preliminary, are without jurisdiction and void, as would be any attempt by them to let contracts or to enter upon the lands of the plaintiffs which it is alleged will be damaged by the proceeding. *McKee v. Hull,* 69 Wis. 657, 35 N. W. 49; *Sanderson v. Herman,* 108 Wis. 662, 84 N. W. 890, 85 N. W. 141; *Schroeder v. Klipp,* 120 Wis. 245, 97 N. W. 909; *Rude v. St. Marie,* 121 Wis. 634, 644, 99 N. W. 460; 1 Lewis, Em. Dom. (2d ed.) § 187.

3. The complaint also alleged that at least one highway was crossed by the ditch, but that the supervisors wholly failed to consider or determine whether any benefits would be derived to said highway, or how much. Sec. 1364 requires that, in case any public highway will be benefited, the supervisors shall determine the amount of such benefit which shall be paid by the town, and the remainder of such cost shall then be apportioned and assessed to the lands benefited. Clearly it is the duty, and is essential to the performance of their other functions, that the supervisors shall consider as to each highway whether it derives benefit and the amount there-

of; for the amount to be apportioned to the other property benefited cannot be ascertained until that is done. Doubtless, however, there is no presumption from mere absence of assessment that the supervisors did not perform their duty, which it will be noticed is devolved upon them only in case a public highway is benefited. If it were alleged as a fact in the complaint that any highway was so benefited and the supervisors had failed and neglected to pass upon that question, we think it would present a fatal departure from their duty; but the complaint contains no allegation that any highway will be benefited, hence the omission to ascertain and embody in their order the amount of such benefit is immaterial.

4. It is also alleged that the supervisors arbitrarily and not in the exercise of judgment omitted lands directly benefited, and in like manner assessed portions of the cost on lands not at all benefited. While, of course, the apportionment of cost and estimate of benefits is the field over which especially discretion is given to these supervisors, subject only to an appeal to another special tribunal, and while it is probably true that the landowner must suffer the result of any honest mistake or error of judgment committed by the supervisors in this field (*Hennessy v. Douglas Co.* 99 Wis. 129, 74 N. W. 983), yet no statutory duty is more imperative than that they shall honestly exercise the judgment and discretion thus conferred on them. From the very fact of the granting of such discretion results the opportunity to abuse it. Such an opportunity can be used to wilfully and dishonestly, through favoritism or animosity, assess or exempt property, and if it is possible to prove that their final determination was the result of a failure or refusal to exercise judgment, and was reached arbitrarily or fraudulently, then such a departure from their statutory duty is disclosed as must avoid their action. *Weeks v. Milwaukee,* 10 Wis. 242, 264; *Hayes v. Douglas Co.* 92 Wis. 429, 65 N. W. 482; *Kersten v. Milwaukee,* 106 Wis.

200, 81 N. W. 948, 1103; *Sanderson v. Herman,* 108 Wis. 662, 84 N. W. 890, 85 N. W. 141; *Friedrich v. Milwaukee,* 114 Wis. 304, 90 N. W. 174.

5. It is alleged that the supervisors have failed at any time to cause to be recorded in the town clerk's office the final certificate which they are required to make by sec. 1364, Stats. 1898, setting forth the total cost of construction, a separate description of each piece or parcel of land which in their judgment will be directly benefited, and the amount assessed by them to the same. They are also required, by sec. 1363, to cause to be recorded their order awarding damages to the owners of land. We can see no escape from the conclusion that the recording of these papers is imposed as a step essential to the validity of all subsequent proceedings. Important rights by one landowner against another and in favor of the public against the various parcels of land are to be based upon such document, and the time for enforcement of such rights may be far in the future. Similar statutes requiring filing of *lis pendens* or of orders or certificates have been held mandatory, and a breach thereof fatal to further jurisdiction. *Svennes v. West Salem,* 114 Wis. 650, 91 N. W. 121; *Ruhland v. Hazel Green,* 55 Wis. 664, 13 N. W. 877; *State ex rel. Hewitt v. Graves,* 120 Wis. 607, 98 N. W. 516; *Rude v. St. Marie,* 121 Wis. 634, 99 N. W. 460. It is of the highest importance that there should be a record to which reference can be made to ascertain the burdens resting upon these various parcels of land in order to prevent confusion and uncertainty. There were, therefore, excellent reasons why the legislature should make this duty mandatory, and why the owner of any land to be affected by such certificate should have a right to complain of its omission.

Counsel for respondents cite *Rude v. St. Marie, supra,* as adverse to that view; but a reading of that case would have shown them that the court expressly declared that, if the statute requiring town boards to file *lis pendens* in such special

proceedings applied to supervisors, the omission would have been fatal. It was only by such construction of the statute as to exclude it from application to this tribunal that the omission was held innocuous. We must conclude that the recording of these documents is essential to the continued jurisdiction of the supervisors to proceed further in the matter.

6. It is contended that other and adequate remedy exists, so that a court of equity ought not to take jurisdiction. This contention cannot be sustained. The appeal suggested by respondents' counsel is by no means adequate. It does not run to a court. It confers review merely of the supervisors' discretionary acts, not of the validity of the proceedings. *Certiorari* is not an adequate remedy, for that is a discretionary writ which the court may refuse on the ground that the subject can be better litigated in other proceedings (*State ex rel. Hallauer v. Gosnell,* 116 Wis. 606, 93 N. W. 542), and, further, facts *dehors* the record, of which there are many alleged affecting the validity of the proceedings, as already appears, could not be availed of upon *certiorari* (*State ex rel.' Augusta v. Losby,* 115 Wis. 57, 90 N. W. 188). The applicability of a suit in equity to declare void the proceedings and enjoin further steps, where, as here, the proceedings constitute a cloud on the title of the property owner or a threatened permanent injury to his land, has been often declared in this state. *Ruhland v. Jones,* 55 Wis. 673, 13 N. W. 689; *Baier v. Hosmer,* 107 Wis. 380, 83 N. W. 645; *Kersten v. Milwaukee,* 106 Wis. 200, 81 N. W. 948, 1103.

*By the Court.*—Order appealed from is reversed, and the cause remanded for further proceedings according to law.