Cotzhausen, Respondent, vs. Dick, Town Clerk, imp., Appellant.

*January 29—February 16, 1909.*

*Drains: Special assessment: Restraining collection: Equity: Laches.*

A landowner signed the original petition for the construction of a drain; was chargeable with knowledge of the proceedings in the laying out thereof and the apportionment of the cost to the persons benefited; had notice in fact of the assessment upon his property before the letting of the contract for the work; and did not appeal from such assessment but permitted the contractor to do the work in reliance upon the assessment as unassailed. His lands were benefited by the drain to an amount at least equal to the assessment. In an action to restrain col· lection of that or any other assessment against his lands on account of such drain he made no offer to pay any sum. *Held* that the action should be dismissed for laches and want of equity.

APPEAL from a judgment of the circuit court for Milwau- ˜kee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Action to enjoin sale of lands by county treasurer for delinquent drainage assessment, and also to require the appellant, *Dick,* town clerk, to expunge all records of the drainage proceedings and to perpetually enjoin him and his successors in office from placing on any future tax roll any assessment or tax growing out of said proceedings. The county treasurer, impleaded with the appellant, defaulted. The appellant answered. Plaintiff moved for judgment upon the pleadings, whereupon judgment was so entered, from which defendant. *Dick* brings this appeal.

For the appellant there were briefs by *Perry & Kroesing,* attorneys, and *Quarles, Spence & Quarles,* of counsel, and oral argument by *C. B. Perry* and *T. W. Spence.*

*W. C. Seefeld,* for the respondent.

The following opinion was filed February 16, 1909:

Dodge, J. Without discussing many other obstacles to the entry of the judgment in this action upon the pleadings, it seems obvious that it must be reversed and the action against the county clerk dismissed by reason of laches and want of equity in the plaintiff. He instigated the drainage proceeding by signing the original petition. He was chargeable with constructive notice of the decision of certain commissioners on appeal directing that the drain be laid and requiring supervisors to proceed. This notice results from the statute requiring the filing of the decision of the commissioners in a public office. He was, too, chargeable with knowledge of the subsequent proceedings of the town supervisors in laying out and establishing the ditch and in making apportionment of the cost thereof to the parties benefited. He is alleged to have had notice in fact thereof and of the assessment upon his property before the letting of the contract for the work and, of course, before the doing of the work by the contractor. Besides which, it appears by the answer and is therefore admitted that plaintiff's lands are benefited to an amount at least equal to the assessment. He had a right to an appeal

from that assessment, provided by statute, but did not exer-
cise it. He knowingly permitted the contractor to do the
work in reliance on the special assessment as unassailed. He
makes no offer to pay any sum whatever. In such a situation
a court of equity should not listen to the application of a
property owner who has unprotestingly allowed others to ex-
pend money or labor upon an improvement which under some
circumstances the authorities would have a right to make at
his expense and from which he receives benefit, to excuse him
from the payment of the portion assessed against his premises.
*Schintgen v. La Crosse,* 101 Wis. 208, 214, 77 N. W. 167;
*Beaser v. Barber A. P. Co.* 120 Wis. 599, 98 N. W. 525;
*Lawton v. Racine,* 137 Wis. 593, 119 N. W. 331; *New York
City v. Pine,* 185 U. S. 93, 22 Sup. Ct. 592.

For the reasons stated, the judgment as against appellant
must be reversed. The other defendant not having appealed,
we express no opinion as to his rights.

*By the Court.*—Judgment as against appellant, *William
H. Dick,* is reversed, and cause remanded with directions to
dismiss the action as against him.

A motion for a rehearing was denied April 20, 1909.