<hr/>

CotzHAUSEN, Respondent, vs. GOETZ, County Treasurer, imp., Appellant.

*April 8—April 26, 1910.*

*Appeal by part of defendants: Reversal: Subsequent appeal by another: Law of the case: Independent liabilities.*

1. After appeal by some of the defendants and reversal in the supreme court, upon a subsequent appeal by a defaulting defendant who did not join in the former appeal the record in the court below must be considered as if amended by the decision on the first appeal.

2. Where upon the first appeal the cause is dismissed as to several defendants, the record contains no support for a judgment against the last appealing defendant upon any liability which must be traced through the acts of his codefendants which are concluded adversely to the plaintiff by the decision on the first appeal.

3. In such case, if there is an independent ground of liability as against the last appellant not traceable through his codefendants, the judgment will be affirmed on the later appeal.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *A. C. Backus,* district attorney, and *N. L. Baker,* assistant, and oral argument by *Mr. Baker.*

For the respondent there was a brief by *Arthur von Cotzhausen,* attorney, and *Jones & Schubring,* of counsel, and oral argument by *E. J. B. Schubring.*

TIMLIN, J.    In an action brought by respondent to relieve his land from a certain ditch assessment and to enjoin the threatened sale thereof by the county treasurer for the nonpayment of such assessment, the town officers answered, but the appellant defaulted.    The respondent on notice to all parties, including the appellant, moved for judgment on the pleadings, which was granted by the circuit court, but reversed by this court in *Cotzhausen v. Dick,* 138 Wis. 127, 119 N. W. 822, upon appeal of the answering defendants, in which appeal the present appellant did not join.    The decision of this court and the judgment rendered or to be rendered in pursuance thereof thereby became part of the proceedings in this cause, with the same effect as regards the appellant as if that judgment had been rendered as to all the other defendants in the cause by the circuit court in the first instance.    Afterward this appeal was taken.    So far as the appellant's liability to injunction rests upon the alleged in-

validity of the assessment held upon the former appeal not to be subject to attack by the respondent, the judgment here appealed from could not be sustained.   But there is an addi- tional ground for supporting the judgment as against the present appellant.   It appears from the record upon which judgment was rendered that the ditch passes through the lands of the plaintiff, described as "the south forty acres of the east one-half of the southwest quarter of section seven," etc., and that the cost of constructing the ditch was by the supervisors assessed against the aforesaid tract.   But the town clerk placed this item of special assessment against a tract of 130 acres belonging to the respondent and including the tract first described, and he made such return of delin- quent tax to the present appellant, the county treasurer, who thereafter threatened to sell and did sell and was about to issue a tax certificate of sale of all said 130 acres for such unpaid special assessment.

Construing the judgment in this cause as amended by the decision of this court upon the former appeal, there is noth- ing in that judgment which restrains the county treasurer from selling the forty-acre tract upon which said special as- sessment was actually made.   He is merely enjoined from selling or issuing a tax certificate upon the 130 acres.   He is at liberty to advertise for sale and sell the other tract of forty acres against which the special tax really was assessed.   The judgment here appealed from, therefore, properly stands against the present appellant, and is supported so far as it interdicts him from selling or issuing a tax certificate of sale of said 130 acres; hence it cannot be reversed on this appeal by such defaulting party, who must show that the judgment has no support.   This he has not done.

*By the Court.*—Judgment affirmed.