BERGER, Respondent, vs. DISCHER and another, Appellants.

*April 6—May 2, 1911.*

*Civil court of Milwaukee county: Jurisdiction: Amount involved: Forcible entry and detainer: Appeal to circuit court.*

1. In sec. 5, ch. 549, Laws of 1909, giving to the civil court of Milwaukee county jurisdiction of the actions and proceedings enumerated in sec. 3572, Stats. (1898), when the amount claimed or involved does not exceed $1,000, such limitation as to amount is not applicable to actions for forcible entry and detainer mentioned in subd. 9, sec. 3572, since in such actions no definite amount is involved or can be claimed.

2. Upon an appeal to the circuit court from a judgment of the civil court of Milwaukee county in an action for forcible entry and detainer, the procedure is governed by sec. 28, ch. 549, Laws of 1909, and not by sec. 3370, Stats. (1898), relating to appeals from justices' courts; and hence a trial *de novo* is not required.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

On May 24, 1910, plaintiff brought an action of forcible entry and unlawful detainer in the civil court of Milwaukee county. The defendants answered setting forth that the premises in dispute were held by them under a written lease from the plaintiff expiring April 30, 1910, and that before said lease expired the parties entered into an agreement whereby the term of the lease was extended until July 1, 1910. The issues were submitted to a jury and a verdict returned in favor of the plaintiff, upon which judgment was subsequently entered. Thereupon the defendants appealed the action to the circuit court for Milwaukee county. Upon due notice plaintiff made a motion in that court for an order confirming the judgment of the civil court. The motion was granted and an order made reciting that the court was satisfied that no manifest prejudicial error was committed in the trial of said action in the civil court, and that both parties thereto had a fair trial in said court, and directing that judgment should be

entered confirming the judgment of the civil court. From a
judgment entered accordingly the defendants appealed.

For the appellants there was a brief by *Flanders, Bottum,.
Fawsett & Bottum,* and oral argument by *J. G. Flanders.*

For the respondent there was a brief by *Austin, Fehr &
Gehrz,* and oral argument by *G. G. Gehrz.*

VINJE, J.   The most important assignment of error is that
the civil court had no jurisdiction of an action of forcible
entry and detainer.   If this assignment is well founded it
disposes of the whole case, for, if the lower court has no juris-
diction over the subject matter of the action, an appeal con-
fers no jurisdiction upon the appellate court, and in such case
its duty is to dismiss the action.   *Felt v. Felt,* 19 Wis. 193;
*Klaise v. State,* 27 Wis. 462; *Stoltman v. Lake,* 124 Wis. 462,.
102 N. W. 920; *Miltimore v. Hoffman,* 125 Wis. 558, 104 N.
W. 841.

The civil court of Milwaukee county was established by
ch. 549 of the Laws of 1909.   Sec. 5 of that act, defining its
jurisdiction, provides:

"The said civil court shall have jurisdiction and cognizance·
of the actions and proceedings set forth and enumerated in
section 3572 of the statutes, when the amount claimed or in-
volved in such actions or proceedings does not exceed the sum·
of one thousand dollars; and shall possess, except so far as
may be inconsistent with the provisions of this act, the juris-
diction and powers over persons and subject matter heretofore
possessed by justices of the peace in the city of Milwaukee im-
mediately prior to the passage of this act, provided said court
shall have jurisdiction of any action founded on an account
when the same shall not exceed in amount, or shall have been
reduced by payments to an amount not exceeding one thou-
sand dollars; and shall have territorial jurisdiction co-exten-·
sive with the county of Milwaukee."

It is also given jurisdiction of actions for libel, slander,
malicious prosecution, or false imprisonment, and of actions·
for or against any town within the county, where in each of

the above classes of actions the amount claimed or involved does not exceed $1,000.

Upon reference to sec. 3572, Stats. (1898), it will be observed that it consists of twelve subdivisions, each of which, except subd. 9, contains a limitation as to amount. Subd. 9 reads: "Actions for forcible entry and detainer." Defend-ant contends that the clause in sec. 5 of the civil court act, "when the amount claimed or involved in such actions or proceedings does not exceed the sum of one thousand dollars," should be held to limit every subdivision of sec. 3572, Stats. (1898), so that subd. 9 would read as follows: "Actions for forcible entry and detainer—when the amount claimed or involved does not exceed the sum of one thousand dollars;" and that, inasmuch as no amount involved or claimed appeared upon the record in this action, the civil court was without jurisdiction. We are unable to give that construction to the provisions of sec. 5 of the act. In our opinion the clear legislative intent was to give the civil court jurisdiction of every action or proceeding mentioned in each subdivision, except subd. 9, when the amount claimed or involved does not exceed $1,000, and to give it jurisdiction of actions for forcible entry and detainer regardless of the amount involved or claimed. In other words, the clause as to limitation of amount does not limit subd. 9 of sec. 3572. This construction seems so clear and obvious as not to require argument or analysis to support it. It is sufficient to say that in actions for forcible entry and detainer there is no definite amount of money involved and hence none can be claimed. It would be absurd to provide a money limit where no money is sought to be recovered. The damages sustained by reason of an unlawful detainer must be recovered in a separate action. Sec. 3367, Stats. (1898).

It is also urged that the circuit court had no power to enter judgment upon the appeal without a trial *de novo* as provided by sec. 3370, Stats. (1898). This raises the question

of whether the provisions of the section of the statute men-
tioned, as to such cases appealed from the civil court, govern
the procedure thereof in the appellate court, or whether it is.
governed by the provisions of the civil court act.   Sec. 28 of
that act relates to appeals to the circuit court and provides as
follows:

"1. Except as herein provided, an appeal may be taken to-
the circuit court of Milwaukee county by any party to an ac-
tion or proceeding in said civil court from any final judgment.
of said civil court or from any order of said civil court from
which an appeal to the supreme court might be taken if such
order were made by a circuit court. . . .

"2. Upon such appeals the circuit court shall either affirm
or reverse any judgment so appealed from, except that said
circuit court may modify, and affirm as modified, any such
judgment in all cases where the same might have been so modi-
fied, and affirmed as modified, if such appeal had been taken
to the supreme court from the judgment of the circuit court.
. . .

"3. Every judgment of said civil court shall be affirmed or
modified and affirmed as so modified, by the circuit court,
upon appeal, unless, by reason of manifest prejudicial error in
the trial of the action in which such judgment was rendered,
any party thereto has not had a fair trial thereof in the civil
court; but in any such case of mistrial, where substantial jus-
tice cannot otherwise be done and the rights of the parties.
otherwise observed and protected, the judgment of the civil
court therein shall be reversed, and the circuit court shall or-
der the action tried in said circuit court in the same manner
as if originally brought there. . . .

"4. At any time after the filing in the circuit court of the
return upon any appeal from said civil court, any party to the
action or proceeding in which such appeal is taken, upon no-
tice given as required of other motions in the circuit court,
may move that the judgment appealed from be affirmed, or
reversed, or modified and affirmed as modified, or that the
order appealed from be affirmed or reversed. . . ."

It will be perceived that under this scheme a new trial is.
had in the circuit court only when that court is satisfied that.

by reason of manifest prejudicial error in the trial in the civil court the parties did not have a fair trial, and that substantial justice cannot otherwise be done and the rights of the parties otherwise observed and protected.     The wisdom of this scheme becomes apparent upon a moment's reflection.     The purpose of establishing the civil court was to provide a reasonably adequate and competent tribunal in which cases of minor importance could receive a fair, and in most of them a final, trial, and so relieve the circuit court of the burden of trying such cases *de novo* upon appeal.     It is a matter of common knowledge that trials in justices' courts are usually mere matters of form, even when defendants appear therein, and it is equally well known that in many cases the defendant does not even appear to defend, but prefers to see what case plaintiff makes by his evidence, and then takes an appeal to the circuit court.     It was no doubt to stop this abuse, as well as to relieve the circuit court of the trial of the majority of cases of which the civil court has jurisdiction, that the act provided that only in cases where manifest prejudicial error had intervened, and substantial justice to the parties could not otherwise be done, a new trial should be had.

The court created is far higher in character and dignity than is a justice's court.     It has jurisdiction to the amount of $1,000, and can try actions for libel, slander, malicious prosecution, or false imprisonment, and actions for or against any town in the county where the amount claimed or involved does not exceed the jurisdictional limit of $1,000.     The judge, in order to be qualified to hold the office, must have been a practicing attorney in the state for three years prior to his election.     He is paid a salary of $3,000 per year, and is forbidden to practice law in any of the courts of the county while holding his office.     Secs. 7, 13.     The court has a clerk and seven deputy clerks.     Sec. 11.     It will thus be seen that a tribunal has been created well qualified to try cases intrusted to its jurisdiction, and that appeals coming from the civil court to

the circuit court may properly stand upon a different footing than appeals coming from a justice's court. A careful reading of the language of sec. 28 of the act fails to disclose any exception thereto in cases of forcible entry and detainer, and we are of the opinion that none was intended. Such actions upon appeal are governed by the provisions of the civil court act and not by sec. 3370, Stats. (1898), relating to appeals from justices' courts. The circuit court therefore properly entertained the motion to affirm the judgment.

It is also urged by the defendant that the verdict of the jury in the civil court was contrary to the evidence and hence the judgment should have been reversed. The circuit court, by affirming the judgment, sustained the verdict. We find nothing in the record to warrant us in disturbing this ruling. On the contrary, we think the preponderance of the evidence supports the verdict.

*By the Court.*—Judgment affirmed.