PEDERSON and others, Appellants, vs. CHIPMAN and others, Town Supervisors, Respondents (IN RE DRAINAGE SYSTEM, ETC.).

*April 3—April 30, 1918.*

*Town drains: Notice of hearing: Personal service, upon whom required: Award of damages: Compelling performance of required acts: Subsequent flowage and award.*

1. The notice provided for in sec. 1360, Stats. 1913, need be served personally only upon the owners of the lands through which the proposed drain will pass, the posting of such notice as prescribed in said section being legal notice to others of the proceeding to lay out the drain.

2. One whose land will be injured by a proposed town drain must proceed diligently to have his damages determined and included in the expense of construction which is to be assessed against the lands benefited.

3. Under sec. 1367*h*, Stats., providing that the circuit court shall require performance when any officer or body fails or refuses to perform an act required "within the time specified in sections 1359 to 1367*c*," the "time specified" must lie somewhere between the filing of the petition and the assessments for construction.

4. Where a town drain was laid out in 1913 and constructed in 1914 after an award of damages duly made, the owners of lands be-

yond and below the end of the ditch, upon which water from the ditch flowed in 1916, cannot by a proceeding commenced in 1917 under °sec. 1367*h*, Stats., compel the supervisors to award damages for such flowage, although to one of such owners no damages had ever been awarded and the others claim that the damages which were awarded to them were inadequate.

5. If aggrieved by the award of damages made prior to the construction of the drain, such landowners should have appealed to the county court as provided in sec. 1367, Stats.

APPEAL from an order of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge.   *Affirmed.*

The appeal is by *John G. Pederson,· Jacob Rostad,* and *Knute Hoverson,* resident freeholders of the town of Leeds, Columbia county.

This is a proceeding under the statutes to compel the supervisors of the town of Leeds, on notice, to meet and award damages to the aforementioned freeholders for alleged damage caused to their lands by a town drain installed in 1914. This drain of the town of Leeds was ordered by the town board in 1913 and constructed in 1914.   No notice was served upon the complaining freeholders, as their lands lay beyond and lower than the end of the ditch.   In 1916 the water from the ditch flowed in a natural course onto their lands, first onto the lands of *Pederson,* then onto the lands of *Rostad,* and then onto the lands of *Hoverson.*

The three property owners made application to the supervisors requesting them to meet and award them damages for such flowage.   It was then discovered that the supervisors had, at the time of the installation of the ditch, awarded damages to *Pederson* in the sum of $100, and to the owner of the lands now owned by *Rostad* the sum of $100.   No damages had been awarded to *Hoverson.*   The sums had not been paid and the time for an appeal had expired.   Appellants claim that these sums are inadequate for the damage resulting from the alleged overflow from the ditch.   The supervisors refused to meet, so appellants applied to the cir-

cuit court for an order under sec. 1367*h*, Stats., compelling them to meet and determine the damages.    The circuit court dismissed their petition, from which decision appeal is taken.

For the appellants the cause was submitted on the brief of *Nelson & Bushnell* of Madison.

*H. E. Andrews* of Portage, for the respondents.

SIEBECKER, J.    The petitioners contend that they were entitled to personal service of the notice prescribed by sec. 1360, Stats. 1913.    The supervisors are required by this section to "make out a notice and fix therein a time and place at which they will meet to examine and decide" upon application for laying out the proposed drain, and "such notice shall specify . . . the several tracts of land through which the same will pass; and the petitioners shall cause the notice to be served upon each of the resident owners of said several tracts of land, personally or by copy left at his usual place of abode, . . . and copies thereof shall be posted up in three public places in the town in which the drainage is situated at least ten days before such time of hearing."

It appears that the drain does not pass through the lands of petitioners and that their lands are not within the limits of the district forming the drain.    Manifestly the terms of the statute require personal service of the specified notice only on owners of land "through which" the drain passes.    The notice served and posted as shown in the proceeding complied with the statute and conferred jurisdiction on the supervisors to lay out the drain as they did.    The petitioners make this application under the provisions of sec. 1367*h*, Stats., providing that if any officer or body fails or refuses to perform an act required "within the time specified in sections 1359 to 1367*c*," Stats., the circuit court shall, unless good cause to the contrary be shown, require performance of the act by the delinquent officer or body.    The trial court properly held that in proceedings of this nature "any one having

objection on account of damages to his own lands must have those damages determined before the expense of construction can be assessed against the tracts of lands benefited." *Fraser v. Mulany,* 129 Wis. 377, 109 N. W. 139.    Since petitioners had legal notice of the proceeding to lay out the drain, it was incumbent upon them to proceed diligently to have their damages, if any, determined and included in the expense of construction which was to be assessed against the land benefited.    The drain was laid out in December, 1913, and petitioners commenced their proceeding in January, 1917.    The court correctly held that sec. 1367*h* applies "when the failure or refusal is to perform the act required within the time specified in secs. 1359 to 1367*c,*" and hence it "must lie somewhere between the filing of the petition and the assessments for construction."    Obviously the petitioners present no grounds for relief within the provisions of this statute. Under the facts presented by the petitioners, if they were aggrieved by the action of the supervisors in the assessment of damages they should have availed themselves of the remedy provided by sec. 1367 and taken an appeal to the county court.    It must be held that the petition states no ground for the relief demanded and that the trial court properly dismissed the proceeding.

*By the Court.*—The order appealed from is affirmed.