GUENTHER, Appellant, vs. RUTKOWSKI, County Treasurer, and others, Respondents.

*November 18, 1921—February 7, 1922.*

*Drains: Assessment of benefits: Failure to award damages: Jurisdiction of supervisors: Appeal from void order: Waiver of jurisdictional defect: Laches: Equitable relief.*

1. In proceedings to establish town drainage systems, sec. 1362, Stats. 1917, which provides that the town supervisors "shall award just damage to each piece of land damaged by the proposed work," must be substantially followed. Where damages are shown they must be separately assessed, and a failure to do so results in a loss of jurisdiction.

2. The supervisors having lost jurisdiction by such failure to assess and award damages, a party's appeal· to the county court from the order of the supervisors did not invest them with jurisdiction, and commissioners appointed by the court to hear the appeal acquired none.

3. Where plaintiff mistook his remedy when he appealed from the order assessing benefits, there being no jurisdictional order to appeal from, the appeal did not operate as a waiver of the right remedy.

4. An order assessing benefits from the construction of a drain but not assessing damages as required by sec. 1362, Stats. 1917, though damages are shown, may be attacked directly by a suit in equity or collaterally, the remedy by *certiorari* not being adequate.

5. Plaintiff having seasonably called attention to a jurisdictional defect in the proceedings, and having protested on appeal, taken before the work was begun, he is not guilty of such laches as to defeat his right to equitable relief against the assessment. *Cotzhausen v. Dick*, 138 Wis. 127, distinguished.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Action in equity to set aside a special tax levied upon plaintiff's land as a benefit in a drainage proceeding. Plaintiff claims the supervisors lost jurisdiction because they failed to assess him damages resulting from the widening and deepening of the main ditch running through his land. His benefits were assessed at $123.53. From the order of

the supervisors assessing benefits and failing to assess damages he appealed to the county court. The commissioners appointed by the county court, after hearing the parties and plaintiff's evidence as to damages by reason of the taking of his land and the increased area of spill banks or the cost of spreading them over his land and the consequent loss of hay crops for a year or two, amounting in all, as shown by him, to from $100 to $200, affirmed the order of the supervisors. No damages were assessed to any of the owners of land through which the ditch ran. The appeal was taken before work was begun on the ditch, but it was not determined till after the work was completed. The ditching was being done with the knowledge of plaintiff. The trial court held that plaintiff was guilty of laches in not restraining the work and hence equity should not aid him, and entered judgment dismissing his complaint, from which judgment he appealed.

For the appellant there was a brief signed by *A. A. Cooper,* attorney, and *Walter H. Bender,* of counsel, both of Milwaukee, and oral argument by *Mr. Cooper.*

For the respondent *Town of Oak Creek* there was a brief by *Perry & Perry* of Milwaukee, and oral argument by *Charles B. Perry.*

The following opinion was filed December 13, 1921:

VINJE, J. It is evident that plaintiff suffered some damage to his land by reason of the widening and deepening of the ditch through his land. About a quarter of an acre more land was taken by the ditch itself, which the evidence showed was worth about $37.50; that the spill banks would cover nearly two acres, and if spread would involve expense and loss of crops for some time. Sec. 1362, Stats. 1917, provides that the supervisors "shall award just damage to each piece of land damaged by the proposed work." This they failed to do, though plaintiff claimed before them that he was damaged. The benefits or cost of construction

is a special assessment, and we cannot upon this record assume that any damages were deducted from plaintiff's assessment of benefits, for it shows none. Where damages are shown they must be separately assessed, and a failure to do so results in a loss of jurisdiction on the part of the supervisors to proceed because the statute in this respect must be substantially followed. *Fraser v. Mulany,* 129 Wis. 377, 109 N. W. 139; *Pederson v. Chipman,* 167 Wis. 348, 167 N. W. 449.

It is argued by respondents that plaintiff by appealing conceded the validity of the order appealed from and therefore cannot now claim it is void. The trouble with the argument is that parties to a statutory proceeding cannot invest the acting body with jurisdiction where it has lost it by a failure to follow the statutory requirements. And since the supervisors lost jurisdiction the commissioners on appeal acquired none. *Steen v. Norton,* 45 Wis. 412; *Berger v. Discher,* 146 Wis. 170, 131 N. W. 444. Moreover, their action, as shown by the record, was a denial of plaintiff's claim for damages in the face of evidence and facts showing beyond dispute some substantial damage.

It is evident that plaintiff mistook his remedy when he appealed, because there was no jurisdictional order to appeal from. He should have brought an equitable suit to restrain further threatened action. But the fact that he mistook his remedy did not operate as a waiver of the right remedy. *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1; 10 Ruling Case Law, p. 396. Such jurisdictional defect as here existed may be attacked directly by a suit in equity or collaterally, since *certiorari* is not an adequate remedy. *Fraser v. Mulany,* 129 Wis. 377, 109 N. W. 139.

Should equity deny relief on the ground of laches? Respondents claim it should, and rely, as no doubt the trial court did, on the case of *Cotzhausen v. Dick,* 138 Wis. 127, 119 N. W. 822. In that case plaintiff did nothing until after the ditch was dug, though he had notice of the pro-

ceedings, and in that case there was no loss of jurisdiction but a mere irregularity in the proceedings. Here plaintiff objected before the supervisors made the order for the proposed ditch and called their attention to the jurisdictional defect, though he may not then have regarded it as such. Again before the commissioners he asserted his right to damages and protested that they had no right to proceed without an award thereof. So the case is not parallel in its facts with the case cited.

We incline to the view that where a party seasonably calls attention to a jurisdictional defect, though he does not name it as such, and continues to protest upon an appeal taken before the work is begun, he cannot be said to have been guilty of such laches as to defeat his right to equitable relief. He has not slept upon his rights, as did the plaintiff in *Cotzhausen v. Dick,* 138 Wis. 127, 119 N. W. 822. On the other hand he has vigorously asserted them in an ineffectual manner. Such assertion, however, should be taken into consideration when it comes to the question of laches, for that is determined by conduct. The fact that he first mistook his remedy did not operate to waive the true remedy he had. His grievance has always been the same— a failure to get damages,—and that grievance he brought home to the supervisors seasonably and to the commissioners later. It is for the selfsame grievance he now seeks redress, and we conclude he has not lost his right thereto. This conclusion necessitates a reversal of the judgment and further proceedings for the recovery of the tax paid as provided by statute. Secs. 1210*h*—1 *et seq.* .

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.

A motion for a rehearing was denied, with $25 costs, on February 7, 1922.