DEKOWSKI, Respondent, vs. STACHURA and wife, Appellants.

*September 18—October 16, 1923.*

*Damages: When right to stipulated damages arises: Mistaken remedy: Amendment to complaint: Costs: Appeal: Matter presented to and ruled on by court.*

1. Where a contract stipulated a certain amount as liquidated damages for the withdrawal from it by either party, a notice by one of the parties to the other of his intention to withdraw gave the other a right to demand and sue for the stipulated amount without being required to do anything further.
2. That plaintiff mistook her remedy on the first trial in bringing an action for specific performance did not operate as a waiver of relief on retrial of the action on an amended complaint seeking liquidated damages provided for by the contract.
3. Where plaintiff insisted on the first trial and appeal that she was entitled to specific performance, but the court on appeal determined that her remedy, if any, was an action at law for damages, and on retrial the plaintiff was permitted to amend her complaint so as to seek damages, defendants were entitled to the costs of the first trial under sec. 2836*b*, Stats., notwithstanding that the judgment on retrial was for plaintiff.
4. Where defendants, on retrial of the case, applied for costs of the first trial by a motion properly presented to the trial court, and excepted to the denial of the motion, it is proper for the supreme court to consider the denial of such motion on appeal from the judgment, though defendants did not move for a review of the clerk's taxation of costs under sec. 2927, Stats.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Modified and affirmed.*

This case was before this court in 176 Wis. 154, 185 N. W. 549, where the facts and the material parts of the contract between the parties are presented.

Upon return of the record by stipulation the cause was transferred to Brown county and a jury trial had. The questions of the special verdict were answered in plaintiff's favor on the issues raised as to whether or not defendants entered into the contract by reason of any fraud by plaintiff.

When called for trial on the jury calendar the plaintiff deemed an amendment to the complaint unnecessary and refused to make any formal amendment, the court holding that the complaint would be deemed amended as to the nature of the relief prayed and as being one for damages rather than for specific performance as plaintiff had originally contended. At such time defendants insisted upon the allowance of terms for any such amendment, and thereupon the court ruled that such questions would be disposed of later.

After trial and on March 27th plaintiff gave notice of taxation of costs for 10 a. m. April 2d and before the clerk of the court. On March 29th the defendant obtained an order returnable on April 2d, but at 9 o'clock a. m., requiring plaintiff to show cause why defendants were not entitled to an amount equal at least to the taxable costs and disbursements in the first trial of said action as the proper terms and conditions of permitting amendment to the complaint, and for other relief.

On April 21st $48.83 costs were taxed in plaintiff's favor for items pertaining to both the first and second trial, but were limited by the clerk, under the statute as to contract actions, to $25. The disbursements were allowed at $79.70, including items for both trials.

On July 2d the court made a written order denying defendants' application of March 29th, *supra,* to which order defendants excepted.

From the judgment for $570 damages and costs thereupon entered in favor of plaintiff, defendants have appealed.

*Sol. P. Huntington* of Green Bay, for the appellants.

For the respondent there was a brief by *Cady, Strehlow & Kaftan* of Green Bay, and oral argument by *Robert A. Kaftan.*

ESCHWEILER, J.   The trial court properly ruled that when the jury found upon the evidence that plaintiff had practiced no fraud inducing defendants to enter into the original contract that disposed of the case and the plaintiff became entitled, under the express provision of the contract and as held by this court on the former appeal, to judgment against defendants for the sum of $500 stipulated in the contract to be liquidated damages for the withdrawal by either party.

On November 11th the defendants did notify plaintiff's agent of their intention to so withdraw and plaintiff's right to the liquidated damages then sprang into existence, and nothing further was necessary to be done on her part in order to give her the right to demand and sue for such sum.   As was held in the first appeal, the plaintiff could not, under such contract, demand specific performance, and therefore what she did or failed to do on November 29th, the day fixed in the contract for performance, is immaterial. That the plaintiff may have on the first trial mistaken her remedy was not a waiver of relief.   *Guenther v. Rutkowski,* 176 Wis. 180, 182, 185 N. W. 639.

That portion of the judgment awarding plaintiff the liquidated damages is therefore correct.

We think, however, that the trial court was wrong in denying defendants the costs of the first trial and permitting the plaintiff to recover as against the defendants the

costs of both trials. The defendants asserted from the start that the plaintiff's remedy, if any, was an action at law for damages and not one for equitable relief. The plaintiff, however, insisted on the first trial and on the first appeal here that she should have specific performance. When plaintiff on the second trial, although making no formal amendment of the complaint, nevertheless proceeded to assert her right to a jury trial and to recover the liquidated damages, it presented a situation where the trial court should have awarded the costs of the first trial to defendants under sec. 2836*b*, Stats. (ch. 219, Laws 1915), which provides that, in all cases where it shall appear to the court that a party has mistaken his remedy, costs shall be awarded against him and he shall be allowed a reasonable time within which to amend, and the amended action or proceeding shall then continue in the same court. This particular statute, rather than the more general and older statutes as to practice, was the more applicable here. This statute allows a party to amend as to remedy and then proceed, but charges the costs, which are statutory in amount, rather than terms, which may be discretionary, against him who has made such a mistake.

While the final sentence of the same section, 2836*b*, providing that judgment in all cases of mistaken remedy shall be *respondeat ouster* and for costs, the latter in the discretion of the court, might seem to qualify the absolute direction as to awarding costs in the first sentence *supra*, yet in any event we deem the situation here presented one where the court should have awarded defendants rather than the plaintiff the costs of the first trial.

It is urged by plaintiff that defendants cannot properly now present this point, they not having sought to review the clerk's taxation of costs under sec. 2927, Stats. The matter, however, was more fully and properly presented to the trial court by the motion of defendants made before the taxation, and the entertaining of that motion and its denial

and the exception taken to such denial brings it for consideration here.

*By the Court.*—Judgment as to damages affirmed, as to costs modified as stated.  Appellants to have costs here.