ROBERT P. SORENSEN, PH.D., State Director Board of Vocational,Technical and Adult Education
You have asked a number of questions relating to the appointment of persons to a district vocational, technical and adult education board (district board). Several sections of chapter 38 of the Wisconsin statutes are involved, as well as chapter A-V 2 of the Wisconsin Administrative Code, all of which provide for the composition of a district board and the appointment of district board members. With respect to the composition of a district board, section 38.08 (1), Stats., provides:
 (a)1. A district board shall administer the district and shall be composed of 9 members who are residents of the district, including 3 employers who have power to employ and discharge, 3 employes who do not have power to employ or discharge, 2 additional members and a school district administrator.
 2. The employer and employe members of the district board shall be representative of the various businesses and industries in the district. The school district administrator shall be employed by the school board of a school district located in the district. At least 2 of the members of the district board shall be elected officials of a county board of supervisors, common council, village *Page 109 
board of trustees, town board of supervisors or school board, but no 2 members of the district board may be officials of the same governmental unit nor may any district board member be a member of the school board that employs the school district administrator member.
With respect to the appointment of members to a district board, section 38.10 provides:
 (1) District board members shall be appointed by an appointment committee [consisting of school board presidents of school districts, or county board chairmen of counties, having territory within the district] . . . .
. . . .
(2)(a)1 . . . .
 2. The chairperson of the appointment committee shall fix a date . . . no later than 60 days after receipt of notification of the vacancy or term expiration, and a time and place for a public hearing and meeting of the appointment committee to approve a representation plan and to appoint district board members . . . .
. . . .
 (c) At the meeting and prior to the appointment of district board members, the appointment committee shall formulate a plan of representation for the membership of the district board. The plan shall give equal consideration to the general population distribution within the district and the distribution of women and minorities within the district. The plan shall form the basis upon which membership of the district board is determined . . . .
 (d) 1. Upon receiving notice of the vacancy or term expiration . . . and at least 14 days before publication of the notice required under subd. 3, the appointment committee shall publish a notice announcing the intent to appoint district board members, including the criteria for selection, and soliciting the submission of names and qualifications of candidates.
 2. In order to be eligible for consideration for appointment to the district board, a candidate shall submit his or her name and qualifications to the appointment committee within 14 days of the date of publication of the notice under subd. 1. *Page 110 
 3. Notwithstanding s. 19.84 (3), the appointment committee shall publish a notice of any meeting or public hearing at which the appointment committee will consider the filling of any vacancy on the district board or any other matter pertaining to the appointment of district board members at least 14 days before the meeting or public hearing. The subject matter of the meeting or public hearing as specified in the notice shall contain the names of individuals being considered for appointment. Prior to the meeting at which an appointment is made, the appointment committee shall hold a public hearing at which the names and qualifications of individuals being considered for appointment to the district board shall be discussed. No person may be appointed to a district board by an appointment committee unless his or her name appeared in at least one notice of a public hearing or meeting of the committee.
. . . .
 (f) Selection of district board members and approval of a representation plan by the appointment committee shall be by majority vote of a quorum . . . .
Section 38.10 (2)(c) empowers the State Board of Vocational, Technical and Adult Education (state board) to "require that district board appointments comply with the provisions of the plan [of representation]." If an appointment committee cannot reach agreement on a plan of representation or appointment of district board members within thirty days after the committee's first meeting, the state board is required by section 38.10
(2)(f) to "formulate the plan of representation and appoint district board members in accordance with the plan." Finally, section 38.04 (15), provides that the "[state] board shall, by rule, establish criteria and procedures for the review of the district board member appointments by the [state] board."
Pursuant to this grant of rule-making authority, the state board has promulgated chapter A-V 2 of the Wisconsin Administrative Code. Section A-V 2.04 (1)-(3) requires appointment committees to submit a plan of representation, an affidavit of each candidate containing vital information (including the candidate's status as an employer or employe), and a statement explaining how employer and employe members are representative of businesses and industries in the district. Section A-V 2.04 (4) enumerates the standards *Page 111 
which the state board applies when reviewing a plan of representation and proposed appointments of district board members.
With the foregoing background regarding the statutory authority of the state board and the administrative rules concerning review of district board member appointments by the state board in mind, I will address the first of your questions which states:
 1. When allegations of procedural irregularities on the part of the local appointment committee are made to the state board, and where the record supports the appointments as made by the appointment committee, does the state board have the authority to inquire beyond the evidence submitted to it under sec. A-V 2.04 (3)(a) to (c), Wis. Adm. Code, when a complaint is received from a citizen of that VTAE district?
The answer to this question is no. The decision made by the board must be made on the record as defined by section A-V 2.04 (1)-(3). Although the state board informally requires appointment committees to submit notices, minutes and other documents dealing with the procedure followed by the committees, the rules of the state board do not presently require that the record submitted to the state board show compliance with the procedural requirements of sections 38.08 and 38.10. In my opinion, in order for the state board to inquire into alleged procedural irregularities by appointment committees, the state board must promulgate a rule requiring that the record show compliance with the procedural requirements of the statutes. This is because section 38.04 (15) provides that the state board "shall, by rule, establish criteria and procedures for the review of the district board member appointments."
Your second question states:
 2. Can the state board reject an appointment based upon a procedural impropriety, e.g., a defective notice at the local level, a violation of the Open Meeting Law, a defective affidavit, etc., or can it only reject an appointment because the appointment on its face based upon evidence and the record submitted to the state board by the appointment committee, does not comply with the provisions of the plan of representation? *Page 112 
Although section 38.10 (2)(c) only empowers the state board to "require that district board appointments comply with the provisions of the plan [of representation]," it is my opinion that the grant of rule-making authority contained in section38.04 (15), which authorizes the state board to "establish criteria and procedures for the review of district board member appointments," is broad enough to authorize the state board to disapprove an appointment based upon a procedural impropriety. As noted in response to your first question, however, the board first must promulgate a rule requiring that the record show compliance with the procedural requirements of the statutes.
The state board may disapprove appointments based upon procedural irregularities including, but not limited to, failure of an appointment committee to formulate a plan of representation, failure to publish timely notice of intent to appoint district board members, failure to publish criteria for selection, and failure to hold a public hearing prior to making an appointment. Sec. 38.10 (2)(c)-(d), Stats.; cf. Fraser v.Mulaney, 129 Wis. 377, 109 N.W. 139 (1906). The state board, however, may not disapprove appointments based upon a violation of the Open Meeting Law, secs. 19.81-19.98, because courts have exclusive authority to weigh the various public interests involved and to void any committee action which violates the law. Sec. 19.97 (3), Stats.
Your third question states:
 3. Can the state board establish administrative rules allowing it to disapprove appointments based upon procedural improprieties?
For the reasons stated in response to your first question, the answer to your third question is yes.
Your fourth question states:
 4. If the state board does not have the authority to disapprove an appointment based upon a procedural defect, then who can challenge this kind of defect when it occurs at the local appointment committee?
The answer to this question is two-fold. First, as noted in response to your second question, except as to violations of the Open *Page 113 
Meetings Law, the state board does have authority to disapprove an appointment based upon a procedural defect, provided that the state board promulgates a rule requiring that the record show compliance with the procedural requirements of the statutes. With respect to alleged violations of the Open Meetings Law, challenges may be made in a court action brought by the Attorney General, the district attorney or, if the district attorney refuses to commence an action, by any person who files a verified complaint with the district attorney. Sec. 19.97 (3)-(4), Stats.
Your fifth question states:
 5. Can an appointment committee shift a candidate, previously approved in a specific category to a different category prior to the effective date of that candidate's term of office, without first removing that candidate from office and then appointing that candidate to a new category and without seeking new state board approval?
The answer to this question is no. Section 38.08 (10 (a)1. requires that district boards consist of three employers, three employes, two elected officials and a school district administrator. A candidate previously appointed by the committee and approved by the state board in one category cannot be "shifted" to a different category unless the candidate is formally appointed by the appointment committee and formally approved by the state board in the different category pursuant to section 38.10 and the related administrative rules. Appointment and approval are unnecessary, however, with respect to elected official members who move from one qualified public office to another. I cannot comment more specifically on the authority of an appointment committee or the state board to adjust district board membership in order to achieve the required balance between employer and employe members, because such matter presently is in litigation and because it is the policy of the Department of Justice not to render an opinion with respect to matters in litigation.
BCL:JWC *Page 114